# Town of Oxanna v. Allen.

*Prosecution for Violation of Municipal Ordinance.*

1. *Municipal ordinance prohibiting obstruction of streets by railroads or street car companies, and imposing penalty on superintendent.*—A municipal ordinance declaring it unlawful for any railroad or street car company, operating its road within the limits of the corporation, to permit any part of its tract "to remain in the streets so high above the surface thereof as to discommode and seriously inconvenience public travel on said streets, or interfere with the free and easy passage of vehicles over said track," and subjecting the superintendent, managing agent, and other officers, to a fine on its violation, is oppressive, unreasonable and void, in its operation on the officers personally.

APPEAL from the City Court of Anniston.

Tried before the Hon. WM. F. JOHNSTON.

This was a *quasi*-criminal prosecution for the violation of a municipal ordinance, instituted before the intendant of the town of Oxanna, against J. B. Allen, superintendent of the Anniston, Oxford and Oxanna Street Railway Company, a domestic corporation. On appeal to the City Court of Anniston, the case being submitted to the decision of the court without a jury, the defendant was discharged, on the ground that the evidence did not establish a violation of the ordinance by him. An exception to this judgment and decision was reserved by the municipality, and it is here assigned as error. The opinion states the provisions of the ordinance, and renders other facts immaterial.

MATTHEWS & WHITESIDE, for appellant.

E. H. HANNA, *contra*.

VOL. XC.

SOMERVILLE, J.—We concur in the conclusion reached by the trial court, discharging the defendant from liability to the penalty imposed by the municipal ordinance, for the violation of which he had been tried before the Intendant of the town of Oxanna and fined in the sum of twenty-five dollars.

The ordinance in question was passed by the appellant corporation on the 21st of March, 1889. The second and third sections of it, under the provisions of which the fine was imposed, ordained that it should be unlawful for any street car company, or railway company, operating its road in the town of Oxanna, to "permit its road-bed, or any portion of its track, or other fixtures, to *remain* in said streets so high above the surface thereof as to discommode and seriously inconvenience public travel on said streets, or interfere with the free and easy passage of vehicles over said road track and fixtures." The third section declared the "president, superintendent, managing agent, and each and every director, or other officer," of such car or railway company, violating the foregoing provisions, guilty of a misdemeanor, and subject on conviction to a fine of not more than fifty dollars, for each day such road-bed, track or fixture should remain in the prohibited condition so as to obstruct and inconvenience public travel.

The appellee, Allen, was superintendent of the Anniston, Oxford and Oxanna Street Railway Company, at the time of his conviction; and the evidence showed that the condition of the railway track was such as to contravene the provisions of the city ordinance. The town of Oxford had been incorporated in January, 1885, under the provision of the general law, as contained in the Code of 1876, §§ 1763–1802. It was invested, therefore, with the corporate power "to prevent and remove nuisances," and to "keep in repair all necessary streets," and to adopt all regulations necessary to these ends. Code, 1876, § 1782. When the town was incorporated, the street railroad had already been constructed, and was in operation.

We are content to rest this case on a single proposition. The ordinance in question was, in our judgment, void for unreasonableness, so far as it was applicable to the appellee. True, it has reference to a subject-matter within the corporate jurisdiction; and the rule is, that, in such cases, a municipal ordinance will be presumed to be reasonable, *prima facie*, unless the contrary appears on the face of the law itself, or is established by proper evidence.— *Van Hook v. City of Selma*, 70 Ala. 361; 45 Amer. Rep. 85. But, where an ordinance, enacted in pursuance of an implied power, is plainly and clearly unreasonable, the courts will not hesitate to so adjudge

it, and, of consequence, to pronounce it void.—Municipal Police Ordinances (Horr & Bemis), §§ 127–132; 1 Dillon on Munic. Corp. (3d Ed.), § 319.

The ordinance under consideration is oppressive in character, so far as concerns the appellee, Allen, and therefore unjust beyond the bounds of reason. "The courts," says Judge Dillon, "will declare void ordinances that are oppressive in their character."—1 Dillon Munic. Corp., § 321. It undertakes to make the superintendent of a street railway company responsible *quasi*-criminally for the failure of the corporation to expend money in putting the railway track in suitable repair. It may be that the appellee had done all he could lawfully do to put the road in repair. He had no authority to remove the track. He was under no duty to pay his own money to have it repaired. He may have had no money to pay. His duties as superintendent were limited to the authority conferred by the corporation for which he acted. If the directors, or other governing body, failed to appropriate money for repairs, he manifestly had no power to make them. He should not, therefore, be held responsible for any dereliction of duty, or negligence on their part. It would be unreasonable and oppressive to so hold under the facts of this case.

The judgment of the City Court is free from error, and must be affirmed.