# Sloss-Sheffield Steel & Iron Co. *v.* Webster.

## *Injury to Servant.*

### (Decided May 15, 1913.   62 South. 764.)

1. *Master and Servant; Injury to Servant; Pleading.*—A plea setting up that the injured servant knew of the defect complained of, but did not inform the master within a reasonable time states a good defense under section 3910, Code 1907; the fact that the master knew of the defects, being an exception, was matter to be set up by replication.

2. *Pleading; Duplicity.*—A plaintiff cannot complain that a plea to the merits is double.

3. *Appeal and Error; Transcript; Time of Filing.*—Where the record in a cause is filed at the first call of the division to which the county belongs after the appeal is taken, the appeal will not be dismissed because the record was not filed within twenty days after the taking of the appeal.

4. *Same; Harmless Error; Pleading.*—Where a miner was injured by the fall of rock, and the evidence tended to show that it was caused either by a defect in the props or the track, or a defect in the car which struck the props, the sustaining of the demurrer to a plea setting up the servant's failure to promptly notify the master of the defect in the track, cannot be held to be harmless.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by W. P. Webster against the Sloss-Sheffield Steel & Iron Company for damages for injuries received while in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The judgment was rendered December 11, 1912. The appeal bond was filed January 30, 1913. The bill of exceptions was presented on March 10, 1913, and filed with the clerk, March 11, 1913, and the cause was filed in this court April 21, 1913. Counsel for appellee moved to dismiss on the ground: First, that the appeal was discontinued; second, appellant failed to file the transcript within the time allowed by law for filing same,

and because it was not filed within 20 days after February 5, 1913. The plaintiff sued for injuries caused by the fall of a rock, alleged to have been knocked down by a tram car striking a prop or post, and in two counts the defect was alleged to be in the car, and in the other two the defect was alleged to be a defect in the track; both being alleged to be a part of the ways, works, etc., of the defendant. The tenth plea, referred to in the opinion, is as follows: "Defendant says that plaintiff was guilty of negligence which proximately caused his injury in this: That he knew of the defect or negligence causing the injury, and failed in a reasonable time to give information thereof to the master or employer, or to some person superior to himself engaged in the service or employment of the master, and further alleges that it was the duty of the plaintiff to remedy the defect complained of, and that defendant did not know of the defect or negligence complained of."

BANKHEAD & BANKHEAD, for appellant. The court erred in sustaining demurrers to plea 10.—*L. & N. v. Wilson*, 162 Ala. 588. The fact that the master knew of the defect, was an exception and should have been brought forward by replication.—*So. Ry. v. McGowan*, 149 Ala. 453; *Thomas v. Bellamy*, 126 Ala. 253.

ACUFF & FINCH, for appellee. On the motion to dismiss the appeal counsel cite section 2870, Code 1907; *Swain v. State*, 60 South. 960; *Powell v. State*, 59 South. 328; *So. Ry. v. Abraham*, 161 Ala. 317; *Porter v. Martin*, 139 Ala. 318. Plea 10 was bad and the court properly sustained demurrer thereto.—*Jackson L. Co. v. Cunningham*, 141 Ala. 206. All matters contained in the qualifying clause of the statute are matters of defense, and must be set up by the plea.—*Broslin v. K.*

[Sloss-Sheffield Steel & Iron Co. v. Webster.]

*C. M. & B.,* 114 Ala. 398; *Columbus v. Bradford,* 86 Ala. 574; *N. C. & St. L. v. Hines,* 59 South. 668. In any event, it was error without injury.—*Union F. Co. v. Johnson,* 150 Ala. 159; *Creola L. Co. v. Mills,* 149 Ala. 474.

ANDERSON, J.—While the record in this case was not filed in this court until the spring call of the sixth division, and after the first Monday after the expiration of 20 days from the date of taking the appeal, yet it was filed at the first call of the division to which it belongs (the sixth division) after the appeal was taken, and the motion to dismiss the appeal is overruled.— *National Union v. Sherry,* 180 Ala. 627, 61 South. 944.

Section 3910, among other things, says; "the master or employer is not liable under this section, if the servant or employee knew of the defect or negligence causing the injury, and failed in a reasonable time to give information thereof to the master or employer, or to some person superior to himself engaged in the service or employment of the master or employer, unless the master or employer, or such superior, already knew of such defect or negligence." It seems that the master or employer sets up a good defense when he avers that the servant was aware of the defect or negligence complained of, and failed within a reasonable time to inform the master or some person superior to himself of same. It is true the statute relieves the servant from informing the master if the master already knew of same, but knowledge of the master or superintendent need not be negatived in the plea, but is affirmative matter that must be pleaded and proven by the plaintiff, and should be brought forward by a replication. This identical question was so decided in the case of *L. & N. R. R. Co. v. Wilson,* 162 Ala. 588, 50 South. 188 (see

plea 3). It is true, that there was division among the judges, but the holding of the majority must be followed as the law which controls the case at bar. We, therefore, hold that the trial court erred in sustaining the demurrer to defendant's original plea 10.

It is true that this plea contained more than plea 3 did in the *Wilson Case, supra,* by charging that it was the plaintiff's duty to remedy the defect, but this was something of which the plaintiff could not complain. Nor did it render the plea subject to demurrer for duplicity, even if the plea was duplex, which we do not decide.—*L. & N. R. R. Co. v. Gray,* 154 Ala. 156, 45 South. 296.

We are not impressed with appellee's suggestion that this court can say that this error was without injury. It may be that the defendant's superintendent knew that the track was too close to the prop, or that the plaintiff had put the prop too close to the track, but it would be questionable if the latter was a defect in the track chargeable to the master, a question, however, that we do not decide; for, if the defendant's contention be conceded in this particular, the fact remains that there was proof from which the jury could have inferred that the injury proximately resulted from a defect in the car, and not in the track, and the undisputed evidence does not show that the defendant or its servant knew of the defect in the car. The complaint, first and last, contained 27 counts, but all of which were eliminated except counts A, F, G, and N, two of which charged a defect in the track, and the other two charged a defect in the car, and there was proof from which the jury could infer that a defect in the car caused it to knock out the prop, and thereby caused the rock to fall upon the plaintiff. Neither did the other special

pleas, to which no demurrer was sustained, fully cover the defense set up in plea 10.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.

