(108 So. 233)

### MOORE v. ROBINSON.    (7 Div. 634.)

(Supreme Court of Alabama.   April 15, 1926.)

**1. Evidence 486—Admitting testimony as to value of board and lodging furnished person treated as member of family, without showing as to competency to express opinion, held proper (Code 1923, § 7656).**

In action to recover value of board and lodging furnished defendant's intestate, who had been treated as member of plaintiff's family, admitting testimony of witnesses as to value without showing as to competency to express opinion *held* proper, notwithstanding Code 1923, § 7656, since knowledge of such value does not depend on professional skill or experience as boarding house keeper.

**2. Witnesses 140(9)—Wife was properly permitted to testify as witness, where complaint in action for board and lodging was amended by striking wife's name, after having been improperly joined (Code 1923, §§ 7721, 8262).**

Where complaint to recover for board and lodging furnished defendant's intestate, brought in name of plaintiff and wife jointly, was amended by striking wife's name, wife was properly permitted to testify as witness, under Code 1923, § 7721, being improperly joined, under section 8262, since husband may recover for services rendered by wife as housewife.

**3. Executors and administrators 221(3)— Testimony that deceased had stated she wanted plaintiff to have what she had when she died held admissible in action to recover for board and lodging furnished deceased, as tending to show intention to compensate plaintiff therefor (Code 1923, §§ 10602–10604).**

Although testamentary disposition of property cannot be made by parol, except under Code 1923, §§ 10602–10604, testimony that deceased had said she wanted plaintiff to have what she had when she died was properly admitted in action against administrator for board and lodging, as evidence of deceased's intention to compensate plaintiff.

**4. Executors and administrators ⬡⟹221(3)— Testimony as to manner of treatment of deceased held admissible in action to recover for board and lodging furnished her, as shedding light on question of value.**

In action to recover for board and lodging furnished defendant's intestate, witnesses were properly allowed to testify as to manner of treatment received by intestate as shedding light on question of value.

**5. Appeal and error ⬡⟹761—Brief on appeal from judgment for board and lodging for defendant's intestate, asserting claim filed against estate did not comply with statute, must state grounds for assertion (Code 1923, § 5818).**

Brief on appeal from judgment for board and lodging furnished defendant's intestate, asserting claim filed by plaintiff against decedent's estate did not comply with Code 1923, § 5818, must state grounds for assertion.

**6. Executors and administrators ⬡⟹451(3)— Requested charge in action to recover for board and lodging from defendant's intestate, proceeding on theory that plaintiff and wife were owners in common of any amount that might be due held properly refused.**

In action to recover for board and lodging furnished defendant's intestate, refusal of charges proceeding on theory that plaintiff and wife were owners in common of any amount. that might be due *held* proper, since husband may recover for services of wife in her duties as housewife.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by R. B. Robinson against J. J. Moore, as administrator of the estate of Mary J. Fiquett, deceased. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

J. M. Miller, of Gadsden, for appellant.

Evidence of the value of boarding intestate was improperly admitted. Code 1923, § 7356. Testimony by plaintiff's wife as to what was said to her by intestate was inadmissible. Drew v. Simmons, 58 Ala. 463; 4 Mayfield's Dig: 1139. A claim not in proper form should not be admitted in evidence. Code 1923, § 5818.

E. O. McCord & Son, of Gadsden, for appellee.

Plaintiff's wife was not such a party at interest as to render her incompetent to testify as to the transaction with the deceased. Strouse v. Leipf, 14 So. 667, 101' Ala. 433, 23 L. R. A. 622, 46 Am. St. Rep. 122. The law implied a promise by decedent to pay for the services rendered. Humes v. Decatur, etc., Co., 13 So. 368, 98 Ala. 461. Counsel discuss other questions, but without citing additional authorities.

SAYRE, J. Action by appellee against appellant as administrator of Mary J. Fiquett, deceased, to recover the value of board and lodging furnished by plaintiff to defendant's intestate during the last year of her life.

[1] Appellant assigns for error several rulings in the trial court admitting the testimony of witnesses as to the value of the board and lodging furnished to defendant's intestate. The specific objection now taken is that the witnesses were not shown to be competent to express an opinion on the subject. In the trial court the objection was merely general. Plaintiff was a householder, a man of family. Intestate was received into the family, well cared for according to the evidence, and the jury on the evidence may well have found that she was treated as a member of the family as nearly as might be. We think it may be assumed that persons by their common experience and observation gain some knowledge of the value here in question; such knowledge does not depend upon professional skill or experience as a boarding house keeper. The testimony was properly submitted to the jury for what it was worth. Jones on Evidence, § 363. Section 7656 of the Code, recently imported into the Code, did not change the law, nor does it impeach the rulings just here under consideration.

[2] Plaintiff's wife testified as a witness. She was asked to "tell what was said by Mrs. Fiquett when she came to live in your home." The answer was of no particular consequence; but the objection to question and answer is that they run counter to section 7721 of the Code touching the competency of parties to testify as affected by interest. The suit in the beginning had been brought in the name of the plaintiff and his wife jointly, but the complaint had been amended by striking the name of the wife, the witness. Drew v. Simmons, 58 Ala. 463, is cited. It is true that a party in interest may not make himself a competent witness by assigning his claim against the estate of a decedent; but that rule does not affect this case. The wife was improperly joined to begin with; the husband is still the head of his household (Strouse v. Leipf, 14 So. 667, 101 Ala. 433, 23 L. R. A. 622, 46 Am. St. Rep. 122); the statute (section 8262 of the Code) does not emancipate her from her duties as housewife (Birmingham Southern v. Lintner, 38 So. 363, 141 Ala. 427, 109 Am. St. Rep. 40, 3 Ann. Cas. 461; Southern Railway v. Crowder, 33 So. 335, 135 Ala. 417); and, in the absence of contract fixing a different status of obligation, the husband may recover for such services as the wife-witness rendered in the present case.

[3] There was testimony to the effect that intestate had said that "she wanted plaintiff to have what she had when she died." The

objection is that a testamentary disposition of property cannot be made by parol. Conceded, except as provided in sections 10602–10604 of the Code. But the testimony was offered and admitted as tending to show that intestate intended to compensate plaintiff and that plaintiff expected to be compensated, not as evidence of a testamentary disposition of intestate's estate.

[4] Witnesses were properly allowed to testify as to the manner of treatment received by intestate while an inmate of plaintiff's household. This shed some light on the question of value about which the parties differed.

[5] It is asserted in the brief that the claim filed by plaintiff against the estate of decedent fell short of compliance with statute law, but the grounds for the assertion are not stated. For aught we see, plaintiff complied with the statute. Code, § 5818.

[6] Charge 6, requested by defendant, proceeded upon the theory that plaintiff and his wife were owners in common of any amount that might be due from the estate of decedent on account of her board and lodging. For reasons heretofore indicated this charge was properly refused, as was also the general charge based upon the theory that any amount so due was due to plaintiff's wife, who kept his house. Our view as to that has been stated.

The judgment is due to be affirmed.

Affirmed.

GARDNER, MILLER, and BOULDIN, JJ., concur.