144 So. 872

### WHITE v. CITY OF DECATUR.

8 Div. 615.

Court of Appeals of Alabama.
Nov. 1, 1932.

Rehearing Denied Nov. 15, 1932.

Watts & White, of Huntsville, for appellant.

Tennis Tidwell, of Decatur, for appellee.

BRICKEN, P. J.

This suit was brought by appellee, the city of Decatur, a municipal corporation, to recover of appellant licenses for operating a garage, and selling automobile accessories, also tobacco, cigarettes, groceries, etc., and operating two gasoline pumps at Whiteside in Limestone county, Ala., which place of business is within less than three miles of the corporate limits of the city of Decatur. The licenses claimed are for the years 1930, 1931, and 1932. The cause was submitted to the court below on an agreed statement of facts and judgment was rendered by said court in favor of the plaintiff and against the defendant.

We deem it unnecessary to recite the agreed statement of facts, and confine ourselves to the one point of decision involved.

The question presented, is the power of the plaintiff city to levy and collect a license tax from a person engaged in a business, trade, or profession across the Tennessee river in Limestone county, Ala., but within less than three miles of the corporate limits of the plaintiff city, that is to say, whether or not territory across the Tennessee river, in Limestone county, Ala., for a distance of three miles from the corporate limits of the plaintiff city, is within its police jurisdiction.

■ It must be, in fact is, conceded, that the appellant, defendant below, is not liable for the license, as aforesaid, if the territory in which the alleged business was conducted was not within the police jurisdiction of the plaintiff city. On the other hand, it is agreed that he is liable for the license if the place of business he operated is within said jurisdiction. As stated, therefore, the question here involved is whether or not the police jurisdiction of the city of Decatur, which we judicially know to be situated in Morgan county, Ala., extends cross the Tennessee river, the center thereof being the county line, into Limestone county to the territory therein within three miles of the corporate limits. The court below so held, and we think properly so, therefore an affirmance of the judgment appealed from must be here ordered.

■■ The city of Decatur is in that class of cities having 6,000 or more inhabitants. Its police jurisdiction therefore covers all adjoining territory within three miles of the corporate limits. Section 1954, Code 1923. The fact that this territory extended into another county, under all authorities, does not alter or change the express terms of the statute, supra. The language of the statute is plain, clear, and unambiguous, therefore no construction thereof is necessary. In City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159, the court said: "So where the language of the statute is clear and unambiguous, there is no room for construction, and it is only where the meaning and intent are not obvious, that the courts must attempt to arrive at the legislative intent" by considering other matters aside from the language used. In other words, when the language of a statute is clear it should be construed to mean what it says.

We see no necessity of prolonging this discussion. The following pertinent authorities are conclusive of the points of decision involved and sustain the holding hereinabove announced. Hammond v. Tuscaloosa, 21 Ala. App. 286, 107 So. 786; Standard Chemical Co. v. Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522; Walden v. Montgomery, 214 Ala. 409, 108 So. 231; Elmore County v. Tallapoosa County, 221 Ala. 182, 128 So. 158; Town of Gower v. Agee, 128 Mo. App. 427, 107 S. W. 999.

No error.

Affirmed.