169 So. 288

## CITY OF HOMEWOOD v. WOFFORD OIL CO.

### 6 Div. 857.

Supreme Court of Alabama.

June 25, 1936.

Rehearing Denied July 16, 1936.

Wm. S. Pritchard, Jas. T. Batten, and David R. Solomon, all of Birmingham, for appellant.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellee.

BOULDIN, Justice.

Our Federal System fully recognizes the concurrent existence of several distinct governing units or sovereignties functioning in the same territory over the same inhabitants. Thus federal, state, county, and municipal governments are everywhere known, each with a measure of governmental powers, legislative, executive, and judicial. Each is empowered to levy taxes for the purpose of carrying on the special functions of government for which it exists. One act or omission may be a violation of the laws of two or more such sovereignties, a conviction under one being no bar to a prosecution under the other. But each has its distinct field of governing powers, parts of a whole. Rules of law and procedure are fairly well worked out delimitating the powers of each, and avoiding a clash of jurisdiction as each particular case arises.

But a different question arises when two governing units of the same class, occupying the same sphere of government, undertake to exercise jurisdiction at the same time over the same territory and the inhabitants thereof. "This court has settled the question, in accordance with obvious reason, that two municipalities cannot exist over the same territory at the same time. Butler v. Walker, 98 Ala. 358, 13 So. 261, 39 Am.St.Rep. 61." City of Ensley et al. v. Simpson, 166 Ala. 366, 374, 52 So. 61, 64.

Judge McQuillin states the principle in these words: "It is a self-evident proposition that two lawfully and fully organized public or municipal corporations cannot have jurisdiction and control at one time of the same population and territory and exercise like or similar powers in the same boundaries." McQuillin, Municipal Corporations (2d Ed.) vol. 1, § 283, p. 713.

Judge Dillon, with special emphasis, indicated by italics, says: "There *cannot be,* at the same time, *within the same territory, two distinct municipal corporations,* exercising the *same* powers, jurisdictions, and privileges." Dillon, Municipal Corporations (5th Ed.) vol. 1, § 354, p. 616.

Does this rule apply to the territory and inhabitants of the zone surrounding the corporate limits of a city in the exercise of its "police jurisdiction" under legislative grant?

Our statute, Code, § 1954, reads: "The police jurisdiction in cities having six thousand or more inhabitants shall cover all adjoining territory within three miles of the corporate limits, and in cities having less than six thousand inhabitants, and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town. Ordinances of a city or town enforcing police or sanitary regulations and prescribing fines and penalties for violations thereof, shall have force and effect in the limits of the city or town and in the police jurisdiction thereof, and on any property or rights of way belonging to the city or town."

By statute of September 6, 1927 (Gen. Acts 1927, p. 674), it was enacted: "That any city or town within the state of Alabama may fix and collect licenses for any business, trade or profession done within the police jurisdiction of such city or town and without the corporate limits thereof; provided, however, that the amount of such licenses shall not be more than one-half the amount charged and collected as a license for like businesses, trade or profession done within the corporate limits of such city, fees and penalties excluded."

The city of Birmingham and the city of Homewood are both of the same class as defined by Code, § 1954, supra. By reason of the proximity of the corporate limits of the two cities, certain territory is within the police jurisdiction of both, if the statutes be given effect according to the letter.

In 1930 the city of Homewood, by ordinance, levied an excise or privilege tax for the operation of filling stations at the rate of one-half cent per gallon on motor fuels and oils within its police jurisdiction. Appellee operated two filling stations within such three-mile limit, but also within like

636

limit, and somewhat nearer to the corporate limits of the city of Birmingham, which city also levied and collected a like tax on these filling stations.

By Act of November 9, 1932, the act of 1927, supra, was amended by inserting the following: "Provided further that when the place at which any such business, trade or profession is carried on lies within the police jurisdiction of two or more municipalities which levy the license thereon authorized by this section, such license shall be paid to and collected by that municipality only whose boundary, measured to the nearest point thereof, is closer to the location of such business, trade or profession." Gen.Acts 1932, Ex.Sess., p. 240.

This action was brought to recover the tax alleged to be due the city of Homewood from the date of the levying ordinance in 1930, to the date when the act of 1932 became effective.

The numerous cases in which the rule hereinabove quoted has been applied have nearly all dealt with municipal powers within their own corporate limits. See cases in notes to texts above copied.

Our concern is whether the like principle governs in the exercise of police jurisdiction.

In Chicago Packing Co. v. Chicago, 88 Ill. 221, 30 Am.Rep. 545, reviewed at length in note to 1 Dillon, § 354, above quoted, the court held the police jurisdiction of the city of Chicago extended into the corporate limits of the town of Lake, for the purpose of preventing a nuisance, the slaughtering of animals without license, &c. The case stresses the necessities of the situation as indicative of a legislative intent to retain an existing police jurisdiction, notwithstanding a small town had been incorporated covering the same area. Later Illinois cases fully sustain the rule that two municipalities cannot exercise like governing powers over the same territory and population. Maulding et al. v. Skillet Fork River Outlet Union Drainage Dist., 313 Ill. 216, 145 N. E. 227, 230.

Our statutes fully recognize the right of a community to incorporate any territory "not incorporated" into a new municipality. We think it quite clear that this includes any territory outside the corporate limits, although within the police jurisdiction of an existing municipality. Otherwise a growing, populous community would be denied the right to have a fully empowered municipal government. Full legislative power over municipal organization, powers, and boundaries, carries with it the power to reduce the boundaries of existing police jurisdictions. While only incidentally here involved, we are of opinion that the incorporation of Homewood, for example, cut down the limits of the police jurisdiction of Birmingham so far as the corporate limits of Homewood were within the three-mile limit of the corporate limits of Birmingham. Likewise, the Legislature was entirely within its power in extending the police jurisdiction of the city of Homewood to the halfway point between the corporate limits of the two cities. Such was the practical effect of the act of 1932, supra.

But until this act was passed, which city had police jurisdiction over the area where these filling stations were located, or did both?

We think the inquiry turns on a definition of "police jurisdiction." While the law touching this subject has not been so fully and clearly treated as many other phases of municipal power, our own cases have about as fully and clearly defined the governmental powers to be exercised within the zone of police jurisdiction as any other.

It will be noted, Code, § 1954, declares that, "Ordinances of a city or town enforcing *police* or *sanitary regulations* * * * shall have force and effect in the limits of the city or town and in the police jurisdiction thereof."

■ The police powers of a city are among its major governmental functions. Broadly speaking, they extend to all appropriate ordinances for the protection of the peace, safety, health, and good morals of the people affected thereby. The general "welfare" is a generic term often employed in this connection. McQuillin on Municipal Corporations (2d Ed.) vol. 3, §§ 949, 950, et seq.

It is not to be inferred that a city may exercise any and every police power over the zone outside its corporate limits, styled its "police jurisdiction," which it may exercise within its corporate limits. The people in such outside area have no voice in the city government. Still, the protection of the people within the corporate limits in their peace, safety, health, etc., growing out of conditions in the surrounding zone, does enter into the extension of police jurisdiction. One phase of such jurisdiction concerns waterworks, hospitals, pesthouses, cemeteries, etc., owned by, but

outside the city limits. 3 McQuillin on Municipal Corporations, § 952.

■ But in extending police regulations, and imposing privilege taxes over the outside zone, benefits also to the inhabitants of this zone must enter into the picture. Taxes are limited to such as are imposed under the police power; taxes to meet the reasonable expenses of police protection, including the regulation of businesses within the police jurisdiction. Such taxes should bear some fair relation to the values of the privileges on which they are levied. White v. City of Decatur, 225 Ala. 646, 144 So. 873; Van Hook v. City of Selma, 70 Ala. 361, 45 Am. Rep. 85; Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L.R.A.1918C, 522.

■ It follows, however, that the police jurisdiction conferred by Code, § 1954, carries a measure of lawmaking power over this zone. Ordinances for the common protection of the inhabitants of the entire area, inside and outside the corporate limits, in their safety, peace, health, etc., are within this governing power. In a sense, a reduced and limited governing power goes over this area fixed by statute within which police jurisdiction shall be exercised. Two separate municipalities exercising this same governing power at the same time over the same area and the citizens thereof, and the imposition of taxes by both, carry all the elements of conflicting authority, responsibility to two governments of the same kind for the same purposes, and double taxation for one and the same benefits which lie at the foundation of the rule forbidding two municipalities over the same corporate limits.

No statute having withdrawn the preexisting police jurisdiction of the city of Birmingham over the area of these filling stations, and said city, by the levy of this tax, having assumed the jurisdiction and legal duties inhering therein, we are constrained to hold it remained and the police jurisdiction of the city of Homewood did not cover this area during the period here involved.

The trial court in an extended and well-reasoned opinion took the view we have expressed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.