172 So. 292

## CITY OF BIRMINGHAM v. WILSON.
### 6 Div. 975.

Court of Appeals of Alabama.

Oct. 27, 1936.

Rehearing Denied Dec. 15, 1936.

Horace C. Wilkinson and Thos. E. Skinner, both of Birmingham, for appellee.

W. J. Wynn and John S. Foster, both of Birmingham, for appellant.

RICE, Judge.

This is an appeal from a judgment in appellee's favor (acquitting and discharging him) upon a trial before the court sitting without a jury, under a complaint filed in the circuit court by appellant (the allegations of which complaint appellee admits to be *true*), in the following language, to wit: "Comes the City of Birmingham, Alabama, a municipal corporation, and complains that P. N. Wilson, within twelve

months before the beginning of this prosecution, did engage in the business of selling gasoline at retail outside the corporate limits of the City of Birmingham, Alabama, but within the police jurisdiction thereof, without first having procured a license to engage in such business, contrary to and in violation of Section 1, Subsection 137, and Section 5, of the License Code of the City of Birmingham, Alabama, for the year 1934."

■ The case was tried upon an "agreed statement of facts," and the said "agreed statement of facts" has been incorporated in a bill of exceptions which is before us. It would seem that the proper procedure has been followed to present for our decision the question as to the correctness of the single ruling assigned and argued for error, viz., that discharging appellee under the law and evidence. Code Supp.1936 (Michie) § 6095; Jerrell v. Equitable Life Assur. Soc., et al., 222 Ala. 687, 134 So. 132.

Here, as in the case of White v. City of Decatur, 225 Ala. 646, 144 So. 873, 874, the city (appellant, here) contends that the authority for the levy as against appellee is found in the provisions of "General Act No. 580 (Gen.Acts 1927, p. 674), entitled "An Act to authorize all cities and towns within the State of Alabama to fix and collect licenses for any business, trade or profession done outside the corporate limits but within the police jurisdiction thereof," approved September 6, 1927 (as amended, but not in the respect here material, we add, by the Act of the Legislature of Alabama approved Nov. 9, 1932, Gen.Acts Ala. 1932, Ex.Sess., p. 240).

■ The act referred to has tacitly, if not expressly, been held by our Supreme Court to be a constitutional enactment. White v. City of Decatur, supra; City of Dothan v. Alabama Power Co., 229 Ala. 146, 155 So. 697. Therefore, we hold that said act is not in contravention of any constitutional provision. Code 1923, § 7318.

■ True, as pointed out in the opinion in the case of White v. City of Decatur, supra, "the Legislature is without authority to authorize the levy of a tax *for revenue* on businesses or occupations *not carried on within the corporate limits,* as this would amount to taxation without representation and the taking of private property without due process of law, and for uses not authorized by the Constitution." (Italics ours.)

■ And if it be shown that the license, for the failure to pay which appellee is being prosecuted in this proceeding, is one imposed solely for the purpose of raising *revenue,* it follows that the ordinance levying same is an unconstitutional enactment, and the judgment of the lower court acquitting and discharging appellee is due to be affirmed. But the law seems to be that, as here, "in the case of useful trades and employments, and a fortiori in other cases, * * * as an exercise of police power merely, the amount exacted for a license, though designed for regulation and not for revenue, is not to be confined to the expense of issuing it; but that a reasonable compensation may be charged for the additional expense of municipal supervision over the particular business or vocation, at the place where it is licensed. For this purpose, the services of officers may be required, and incidental expenses may be otherwise incurred in the faithful enforcement of such police inspection or superintendence." Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85. And in the opinion in this same Van Hook v. City of Selma Case the court said: "Very certain it is, that the courts ought not to scrutinize the amount of the license too narrowly, with the view of adjudging it a tax, where it does not appear to be unreasonable in amount as a mere regulation."

■ In the instant case the license imposed upon appellee appears to be in exact accord with the terms of the Act of the Legislature approved September 6, 1927 (Gen.Acts Ala.1927, p. 674), or with it as amended November 9, 1932 (Gen.Acts Ala. 1932, Ex.Sess., p. 240). To be sure "the right here [there] conferred is, to regulate and license for police purposes merely; and the power to license for the purpose of revenue is not to be inferred." Van Hook v. City of Selma, supra.

■ But, "the rule further applies here, that, when the question as to the reasonableness of a municipal by-law or city ordinance is raised, and it has reference to a subject-matter within the corporate jurisdiction, it will be presumed to be reasonable, unless the contrary appears on the face of the law itself, or is established by proper evidence." Van Hook v. City of Selma, supra; American Bakeries Co. et al. v. City of Huntsville, 232 Ala. 612, 168 So. 880; Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231, 233; Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L.R.A.1918C, 522.

. In this case it is manifest, we take it, that the "contrary" referred to in the preceding paragraph does not "appear on the face of the law (ordinance) itself"; but appellee stoutly contends that the "Unreasonableness" (invalidity) of the ordinance in question is *established* by "proper evidence."

The said "proper evidence" upon which he relies is the following paragraph contained in the "agreed statement of facts" upon which the case was tried, to wit: "The City of Birmingham has not calculated and does not know the expense of any police supervision or fire protection outside the corporate limits of the City but within its police jurisdiction and does not give any police or fire protection beyond its corporate limits, other than investigation of crime when requested, and occasional service by the one company of the Fire Department, within and beyond the three mile limit when requested and when in the opinion of the Chief the circumstances warrant it."

The above contention of appellee is, we think, and hold, sufficiently answered by the following excerpt (in all respects, in its statement of the law, applicable here) from the opinion by our Supreme Court in the Walden v. City of Montgomery Case, supra, to wit:

"The ordinance appears upon its face to have been enacted in the exercise of the police power, and is presumed to be reasonable. Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; Standard Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L.R.A. 1918C, 522. Nothing to the contrary is made to appear and we therefore hold the ordinance a valid exercise of the police power.

"Appellant sought to show that at the point where his lumber yard is located the service both as to fire and police protection was inadequate, but the trial court held such evidence *immaterial to the issue presented.* We think the ruling correct. *These were executive or administrative matters, not involved in the question of the validity of the ordinance.* We are cited to no authority holding that such an ordinance is subject to attack upon the ground that, in the opinion of the taxpayer, the police or fire protection was inadequate. *Such questions are not to be presented in such form."* (Italics ours.)

█ We are of the opinion the sections of the ordinance under attack were, as for

aught that appears, valid, and the judgment of acquittal in favor of appellee was laid in error.

The same is reversed, and it is here, and hereby, ordered, adjudged and decreed that appellee is guilty as charged in the complaint. Codes 1928 and 1923, § 9502.

The cause is remanded to the lower court for the proper imposition of penalty.

Reversed, rendered, and remanded.