186 So. 504

### CITY OF PRICHARD v. HAROLD.

I Div. 14.

Supreme Court of Alabama.

Nov. 10, 1938.

Rehearing Denied Feb. 16, 1939.

278

Harry T. Smith & Caffey, of Mobile, for petitioner.

George A. Sossaman, of Mobile, for respondent.

ANDERSON, Chief Justice.

The plaintiff sued the defendant, City of Prichard, for a license tax claimed to have been improperly collected and recovered a judgment for $636.95. The defendant being dissatisfied took an appeal to the Court of Appeals.

It is urged by the petitioner, for the first time, that, in as much as the defendant had a plea of set off and sought a judgment over, the amount involved was over a thousand dollars and the case was not within the jurisdiction of the Court of Appeals. True, Section 7309 of the Code of 1923 fixes the jurisdiction of said court at One Thousand Dollars exclusive of interest and costs, but said section, which was a codification of the Act of 1911 establishing the Court of Appeals, also provided that, "where there is a recovery in the court below of any amount other than costs, the amount of such recovery shall be deemed to be the amount involved, otherwise the amount claimed shall be deemed to be the amount involved." This quoted provision expressly defines and fixes the ascertainment and determination of the amount involved as pertaining to the appellate jurisdiction, regardless of the amount that may be generally or incidentally involved. We therefore hold that the appeal was properly taken and the Court of Appeals had jurisdiction to dispose of the questions involved.

The Court of Appeals held that the ordinance imposing the license tax was not void upon the authority of Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231;

City of Birmingham v. Wilson, 27 Ala.App. 288, 172 So. 292; and other cases cited. Petitioner, however, contends that this case falls within the influence of Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289. That case was tried upon an agreed statement of facts and the Court of Appeals held that the evidence in the present case did not bring it within the influence of said Carbon Hill Case. So, to review said court as to this holding would involve a consideration of the evidence which is not set out in the opinion. Ex parte Whorton, 214 Ala. 68, 106 So. 344; Waldrop v. State, 223 Ala. 413, 136 So. 736; Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 151 So. 880.

The writ is denied.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.