68 So.2d 306

**FRANKS et al.  v.  CITY OF JASPER.**

**6 Div. 484.**

Supreme Court of Alabama.

Nov. 5, 1953.

642

Elliott & Petree, Jasper, for appellee.

Chas. E. Tweedy, Jr., and Jim Beech, Jr., Jasper, for appellants.

LAWSON, Justice.

The City of Jasper is a municipal corporation authorized to levy privilege licenses on retail merchants. The governing authority of that city on December 26, 1950, adopted an ordinance, effective January 1,

1951, pertinent parts of which read as follows:

"Section 1. That there is hereby levied for the calendar year 1951 and each calendar year thereafter licenses for the various trades, businesses, vocations, occupations and professions engaged in or carried on in the City of Jasper and each person, firm, company, association, agency or corporation engaged therein shall obtain and pay for a license in the sums, respectively, as follows: * * *.

"Section 2. Any person required by this ordinance to pay license for doing business within the corporate limits of the city shall pay to the city for the privilege of doing business outside the corporate limits, but within the police jurisdiction of the city one-half of the amounts respectively, above assessed and levied for doing business within the corporate limits of the city. The licenses levied by this section are not levied for the purpose of raising revenue, but for police protection and municipal supervision only.

* * * * * *

"Section 11. The license hereby levied shall remain in full force and effect and apply to each calendar year hereafter from year to year without the adoption of any other ordinance."

Luther Franks and Clayborn Guin, as partners, have for several years been engaged in the operation of a general mercantile and grocery business known as Franks & Guin Grocery Company, within the police jurisdiction of the city of Jasper. They were so engaged in the year 1952 but refused to pay the licenses to the city of Jasper as provided by the ordinance referred to above.

The city of Jasper, on August 8, 1952, filed its bill in the circuit court of Walker County, in equity, against Luther Franks and Clayborn Guin, doing business as Franks & Guin Grocery Company, and Luther Franks and Clayborn Guin, individually.

The bill was filed under the authority of Art. 4, Chapter 15, Title 37 of the 1940 Code of Alabama. The pertinent sections of that article are 760, 761, 762 and 767, which read:

"§ 760. Any municipality of the State of Alabama may file in the circuit court, sitting in equity, in the county in which said petitioning municipality is situated, a bill or petition to enjoin the operation and conduct of any business, occupation, trade or profession subject to municipal privilege license or excise tax imposed by the petitioning municipality and which is delinquent in whole or in part. Said petition or bill shall be verified by the mayor, city clerk, police officer, or by any other governing official or by any employee of the municipality authorized to receive or collect said license or tax.

"§ 761. Upon the filing and presentation of a bill or petition as herein authorized, it shall be the duty of the court to set a day for the hearing of said cause upon not less than ten nor more than fifteen days' notice thereof to be given the respondents; said notice to be in such form as the court may direct and at such hearing upon reasonable cause, to grant a temporary injunction restraining the respondents from further operation or conduct of said business, occupation, trade, or profession, and no bond shall be required of the complainant as a condition thereto. The court shall not grant a temporary injunction unless it has reasonable cause to believe that the respondent owes a debt to the complainant for privilege license or excise tax. The court shall, upon final hearing, if the proof be sufficient, grant a permanent injunction restraining the respondent as herein directed to be done by a temporary injunction. Such injunctions may be dissolved in the manner herein provided.

"§ 762. Said bill or petition need not allege the amount due, but may seek an accounting of the respondent for the amount of license tax or excise tax due the complainant. It shall be the duty of the court to render a

judgment in favor of the complainant for the amount of license or excise tax found to be due, and it may also declare and enforce any lien therefor provided by the laws of Alabama. The court may order a reference as in other cases.

\*    \*    \*    \*    \*    \*

"§ 767. The laws of Alabama governing appeals from money judgments entered by the circuit court shall govern and control appeals taken herein, except the supreme court of Alabama shall have jurisdiction thereof as in other equity suits and except that the appeal shall be perfected within thirty days from the rendition of a final decree or judgment. Any permanent injunction shall remain in full force and effect unless the respondent supersedes the judgment."

Upon the presentation of the bill to the trial court, August 22, 1952, was fixed as the day for the hearing on the prayer for temporary injunction. The record before us fails to disclose that any such hearing was had or that a temporary injunction was ordered.

The respondents' demurrer was overruled on September 5, 1952, whereupon they filed their answers on the same day, which appears to have been the day set for the trial of the cause. The answer, aside from denying all of the material averments of the complaint, averred in substance that the city of Jasper had failed to furnish police and fire protection and sanitary services to the respondents and other persons residing within the police jurisdiction of said city and therefore the exaction of license for the privilege of engaging in business in that territory was unlawful in that such exaction was solely for the purpose of raising revenue.

Testimony was taken orally before the trial court. On the same day the testimony was taken, the trial court rendered a final decree, in pertinent parts as follows:

"7. That the respondents owe the City of Jasper, Alabama, the total sum of One hundred fifty-seven dollars and twenty-five cents ($157.25) as privilege license, penalty and issuance fee for the privilege of doing business in the police jurisdiction of the City of Jasper, Alabama, during the tax year 1952, and it is hereby ordered, adjudged and decreed by the court that the Complainant have and recover of the respondents, Luther Franks and Clayborn Guin, D/B/A Franks & Guin Grocery Company, and Luther Franks and Clayborn Guin, individually, the sum of one hundred fifty-seven dollars and twenty-five cents ($157.25), for the collection of which let execution issue if the same is not paid within thirty days from the date of this decree.

"8. That the respondents, Luther Franks and Clayborn Guin, d/b/a Franks & Guin Grocery Company, and Luther Franks and Clayborn Guin, individually, be and are hereby permanently enjoined and restrained from operating the business known as Franks & Guin Grocery Company or any part thereof, until such time as the respondents have paid in full the judgment rendered in this cause, together with court costs taxed against the respondents."

The total sum of $157.25 which the trial court found to be due the city of Jasper by the respondents included "the sum of fifty dollars ($50.00) as license for the privilege of operating a rolling store in connection with the operation of respondents' business, together with a penalty as provided for in said license ordinance of ten per cent of the amount of the license for failure to purchase the required license, making a total of fifty-five dollars ($55.00) plus fifty cents (50¢) issuance fee, for issuance of the license for the privilege of operating a rolling store."

From the decree of September 5, 1952, the respondents perfected their appeal to this court on October 4, 1952.

The cause was submitted here on April 21, 1953. Submission was had on the merits and on motion of appellee, the city of Jasper, to dismiss the appeal.

## Motion to Dismiss Appeal

■ The only ground of the motion to dismiss the appeal which is insisted upon is

that appellants failed to file the transcript in this court within sixty days from the date on which the appeal was taken, as required by § 769, Title 7, Code 1940.

Section 767, Title 37, Code 1940, quoted above, provides that appeals in cases of this kind must be taken within thirty days from the rendition of a final decree. This was done. That section further provides that this court shall have jurisdiction of such appeals as in other equity suits.

Section 769, Title 7, Code 1940, provides that in equity cases the transcript shall be filed in the office of the clerk of this court within sixty days from the date of the taking of the appeal.

The first call of the Sixth Division after the appeal was taken commenced on the fourth Monday in November, 1952 (November 24, 1952)—less than sixty days from the date on which the appeal was taken. The next call of the Sixth Division commenced on the third Monday in April, 1953 (April 20, 1953). See § 22, Title 13, Code 1940.

Appellees filed their motion to dismiss on April 10, 1953. The transcript was filed with the clerk of this court on April 18, 1953, before the commencement of the first call of the Sixth Division held more than sixty days after the appeal was taken.

In the case of McCoy v. Wynn, 215 Ala. 172, 173, 110 So. 129, 130, we held a motion to dismiss the appeal to be without merit under circumstances similar to those of the present case. It was said in the McCoy case, supra, as follows:

"Appellee's motion to dismiss the appeal, because the transcript was not filed in this court within 60 days after taking the appeal, is without merit, and will be overruled. The appeal was taken on February 26, 1925. The first call of the Sixth division thereafter was on April 19th—less than 60 days. The transcript was filed in this court on November 23, 1925, the first day of the ensuing call of that division. This is held to be sufficient. Sloss-Sheffield Steel & Iron Co. v. Webster, 183 Ala. [322] 323, 62 So. 764; Cudd v. Reynolds, 186 Ala. 207, 65 So. 41; Code 1923, §§ 6107, 6129, [Code 1940, Tit. 7,

§§ 769, 790]; Supreme Court practice rule 41."

The case of Parker v. Bedwell, 243 Ala. 221, 8 So.2d 893, is distinguishable on the facts. In that case the transcript was not filed until long after the first call of the division held more than sixty days after the appeal was taken.

In support of their motion to dismiss appellees rely upon our holding in the case of Deaton v. Deaton Truck Lines, 242 Ala. 91, 4 So.2d 895, 896. In that case we held that the provisions of § 769, Title 7, Code 1940, allowing sixty days from the day of taking an appeal in equity cases generally, are not applicable to appeals from orders granting or refusing injunctions, but that the provisions of § 1057, Title 7, Code 1940, control as to time of filing transcript in such cases. Section 1057, Title 7, supra, reads:

"From the order granting or refusing the writ of injunction, an appeal will lie to the supreme court within ten days, to be heard as preferred cases in that court, on the first Thursday the court is in session after the expiration of the ten days, or as soon thereafter as may be."

The holding in the Deaton case, supra, must have come to the attention of counsel for appellee after the motion to dismiss the appeal was filed, because the ground of the motion to dismiss, as pointed out above, is that appellants have failed to comply with the provisions of § 769, Title 7, Code 1940, not that they have failed to comply with the requirements of § 1057, Title 7.

However, we are of the opinion that the holding in the Deaton case, supra, has no application to appeals from decrees rendered in proceedings instituted under the provisions of Art. 4, Chapter 15, Title 37, Code 1940. Such appeals, as previously noted, are provided for in § 767, Title 37, and the language of that section, in our opinion, clearly shows a legislative intent that the appeals be submitted here as are equity cases generally, except that the appeal must be taken within thirty days from the date on which the decree was rendered.

Under the holding of this court in McCoy v. Wynn, supra, the motion to dismiss the appeal is without merit and is due to be and will be overruled. It is so ordered.

### On the Merits

■ The first assignment of error is to the effect that the trial court erred in overruling respondents' demurrer to the bill of complaint. No mention is made of this assignment of error in brief filed here on behalf of the appellants, respondents below, hence it will not be considered. Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570; Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838.

Under appropriate assignments of error, appellants argue that the decree appealed from is erroneous in its entirety for two reasons.

■ It is said that the provisions of the ordinance which relate to the licensing of businesses within the police jurisdiction of the city of Jasper expired at the end of 1951.

It is true that § 2 of the ordinance does not contain the language of § 1 to the effect that the licenses are levied for the year 1951 and for each calendar year thereafter. But even if it be assumed that the provisions of § 1 as to the duration of the levy have application only to businesses carried on within the corporate limits, the provisions of § 11 of the ordinance, copied above, are a complete answer to this insistence of appellants. It is not contended the provisions of the ordinance adopted December 26, 1950, have been repealed or superseded by the adoption of any other ordinance. We hold that there is no merit in this contention.

It is next insisted that as applied to appellants, whose place of business is without the corporate limits but within the police jurisdiction of said city, § 2 of the ordinance is void in that it was enacted for the purpose of raising revenue rather than regulation and supervision.

■ The legislature is without authority to extend to cities the right to make a license charge for conducting a business outside of its corporate limits for the general revenue of the city, but cities have the right to enact a license on businesses located and conducted in their police jurisdiction as a reasonable and proper exercise of their right and duty to supervise them in that territory, in amounts reasonably necessary to defray the cost of such supervision, in the absence of prohibitory legislation. Van Hook v. City of Selma, 70 Ala. 361, 45 Am. Rep. 85; Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L.R.A. 1918C, 522; Woco Pep Co. of Montgomery v. City of Montgomery, 213 Ala. 452, 105 So. 214; Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231; White v. City of Decatur, 25 Ala.App. 274, 144 So. 872, certiorari denied, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914; City of Homewood v. Wofford Oil Co., 232 Ala. 634, 169 So. 288; City of Birmingham v. Wilson, 27 Ala.App. 288, 172 So. 292, certiorari denied, 233 Ala. 410, 172 So. 295; Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289; City of Prichard v. Harold, 28 Ala.App. 235, 186 So. 499, certiorari denied, 237 Ala. 277, 186 So. 504; City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64; City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451; Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659; Alabama Gas Co. v. City of Montgomery, 249 Ala. 257, 30 So.2d 651; City of Prichard v. Hawkins, 255 Ala. 676, 53 So.2d 378.

■ There is another well-established rule that applies here. When the question as to the reasonableness of a municipal ordinance is raised and the ordinance has reference to a subject matter within the corporate jurisdiction, it will be presumed to be reasonable unless the contrary appears on the face of the law itself or is established by proper evidence. Van Hook v. City of Selma, supra; Town of Oxanna v. Allen, 90 Ala. 468, 8 So. 79; Gamble v. City Council of Montgomery, 147 Ala. 682, 39 So. 353; Giglio v. Barrett, 207 Ala. 278, 92 So. 668; Walden v. City of Montgomery, supra; City of Birmingham v. Wilson, supra; City of Prichard v. Harold, supra; City of Andalusia v. Fletcher, supra; City of Prichard v. Richardson, supra.

■ In view of this principle, the burden rests upon the licensee to demonstrate any

claim of invalidity. Walden v. City of Montgomery, supra; City of Andalusia v. Fletcher, supra; Standard Chemical & Oil Co. v. City of Troy, supra. See City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658; American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880; City of Birmingham v. Louisville & N. R. Co., 216 Ala. 178, 112 So. 742.

■ In § 1 of the ordinance which has application to businesses carried on within the corporate limits of the city, there is set out 206 different types of businesses, with the amount of license tax levied against each, which amounts vary according to the type or character of business. In § 2 of the ordinance applicable to the police jurisdiction, the city authorities fixed the amount of license required for doing business in the police jurisdiction at a sum equal to one-half the amount specified in § 1 for carrying on the same type or character of business within the corporate limits. Thus the amount fixed is not in excess of the maximum authorized under the provisions of § 733, Title 37, Code 1940, as amended.

Appellants contend that it appears from the face of § 2 of the ordinance that it was enacted for general revenue purposes inasmuch as the amounts of the licenses there imposed are fixed at the maximum amounts which could be imposed under the limitations prescribed in § 733, Title 37, Code 1940, as amended, without any specific mention being made of the various businesses within the police jurisdiction and the amount which each should pay to defray the costs of supervision and regulation; that, therefore, the invalidity of § 2 of the ordinance is apparent on its face.

In the case of Walden v. City of Montgomery, supra, a section of the ordinance of that city was under attack which was very similar to § 2 of the ordinance here involved. Section 15 of the Montgomery ordinance read:

"§ 15. Any person, firm or corporation engaged in any business outside of the city of Montgomery, but within the police jurisdiction thereof, shall pay one-half of the amount of license imposed for like business within the city of Montgomery. It is the purpose of this section to license for police and fire protection only, and not for revenue."

In upholding the validity of the ordinance as against the attack there made, this court said:

"The ordinance appears upon its face to have been enacted in the exercise of the police power, and is presumed to be reasonable. Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; Standard [Chemical &] Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L.R.A. 1918C, 522. Nothing to the contrary is made to appear and we therefore hold the ordinance a valid exercise of the police power.

"Appellant sought to show that at the point where his lumber yard is located the service both as to fire and police protection was inadequate, but the trial court held such evidence immaterial to the issue presented. We think the ruling correct. These were executive or administrative matters, not involved in the question of the validity of the ordinance. We are cited to no authority holding that such an ordinance is subject to attack upon the ground that, in the opinion of the taxpayer, the police or fire protection was inadequate. Such questions are not to be presented in such form.

"We are of the opinion the ordinance is valid, and the judgment of conviction should accordingly be here affirmed." 214 Ala. 411, 108 So. 233.

It seems clear that the holding in Walden v. City of Montgomery, supra, answers completely the insistence of appellants that § 2 of the ordinance under consideration appears on its face to be unreasonable and invalid.

In City of Birmingham v. Wilson, 27 Ala. App. 288, 172 So. 292, the Court of Appeals had under consideration the provisions of an ordinance of the city of Birmingham very similar to that under consideration here and that in the Walden case, supra. The validity of the ordinance as it applied to business in the police jurisdiction was upheld on the authority of the Walden case,

*supra.* We denied certiorari, 233 Ala. 410, 172 So. 295.

Counsel for appellants, in support of the argument that § 2 of the ordinance of present concern is unreasonable and invalid on its face, rely upon the case of Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289. No reference is made in the opinion in that case to the rule previously announced by this court that ordinances of the character there involved are presumed to be valid and that the burden is upon the licensee to establish their invalidity, nor was consideration given to our holding in Walden v. City of Montgomery, supra, and that of the Court of Appeals in City of Birmingham v. Wilson, supra. The opinion does contain language which is perhaps subject to the construction that the burden is upon the municipality to show that the businesses in the police jurisdiction have been properly classified and that the amount of license fixed for each such classification has been properly determined.

The question for determination in that case was not whether the ordinance was unreasonable or invalid on its face, but whether under the agreed statement of facts it was shown that the ordinance as it affected the business carried on by the Alabama Power Company within the police jurisdiction of the city of Carbon Hill was in fact a revenue measure.

It was pointed out in the case of City of Andalusia v. Fletcher, supra, in response to application for rehearing, that the holding in Alabama Power Co. v. City of Carbon Hill, supra, did not change the rule as to the burden of proof and that the holding in that case was based on the fact that the license fee charged by the City of Carbon Hill was directed at a single corporation engaged in a single business within and without the corporate limits and that under the percentage basis of gross revenue the license fee without the corporate limits but within the police jurisdiction equalled in amount the license charge for the same business within the corporate limits.

The holding in the case of Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659 (followed in City of Prichard v. Hawkins, 255 Ala. 676, 53 So.2d 378), was not based on a finding that the ordinance was invalid on its face, but that it was made to so appear from the evidence presented. While no reference is made in the opinion in that case to the rule that the burden is on the licensee to show the invalidity of such an ordinance, nothing said therein was intended to reflect upon that well-established principle.

We hold, therefore, that § 2 of the ordinance here under consideration is not invalid on its face and that the burden of proof was upon the licensee to establish its invalidity by competent evidence. Walden v. City of Montgomery, supra.

■ The only evidence offered by appellants, respondents below, for the purpose of proving the invalidity of the license levied on appellants' business within the police jurisdiction of the city of Jasper was that going to show the inadequacy of service rendered by the city of Jasper within the police jurisdiction. This evidence, under the rule often stated, was not alone sufficient to justify a finding that the licenses so levied were unreasonable. Walden v. City of Montgomery, supra; City of Prichard v. Harold, supra; City of Birmingham v. Wilson, supra; • City of Andalusia v. Fletcher, supra. The facts of this case are unlike the facts presented in the case of City of Prichard v. Richardson, supra. In that case there was evidence both as to the amount of revenue derived from the ordinance and evidence as to the cost and amount of regulation, fire and police protection. In this case there was no evidence under which the trial court could have found that the revenue exacted by the ordinance was all out of proportion to the cost of regulation and protection, as was shown in City of Prichard v. Richardson, supra.

We conclude, therefore, that there is no merit in those assignments of error to the effect that the decree appealed from is erroneous in its entirety.

Appellants under proper assignments of error argue that the trial court erred in decreeing that they were liable for a license for "the privilege of operating a rolling store in connection with the operation" of their business.

Schedule 165 of § 1 of the ordinance reads:

"Rolling Stores Retailing—Persons operating what is known as rolling stores, and including the sales of articles in merchandise license only $100.00"

As heretofore shown, the trial court decreed that appellants, respondents below, owed the city of Jasper the sum of $50, plus penalty and issuance fee, for the operation of a rolling store. Hence, it is apparent that the trial court found that such sums were due because of the operation of the rolling store in the police jurisdiction of the city.

Schedule 165, supra, does not purport to apply to the operation of a delivery truck whereby merchandise sold at an established place of business is delivered to customers, nor does it require a license solely for the use of the streets and highways. It applies, as we understand it, to the operation of a miniature store on wheels. There is no definition of a rolling store in the ordinance nor is such a store described in the evidence. However, we think it can be said as a matter of common knowledge that a rolling store is generally understood to be a miniature store stocked with all kinds of merchandise usually carried in general merchandise and grocery stores, placed on a motor vehicle chassis, so that the store can be moved from house to house and the merchandise sold therefrom the same as it would be sold from a store at a fixed location. The scheme of the business is to give customers cash and carry prices at their doors. See Erwin v. City of Omaha, 118 Neb. 331, 224 N.W. 692; H. G. Hill Co. v. Whitice, 149 Tenn. 168, 258 S.W. 407; State v. Webster, 29 Ala.App. 407, 197 So. 87; Harris Bros. v. State, 240 Ala. 160, 198 So. 443.

There is no evidence in this record to support a finding that the respondents have operated a rolling store within the police jurisdiction of the city of Jasper. It is admitted that appellants own a rolling store which they have loaded with groceries from their fixed place of business located within the police jurisdiction. But there is no evidence to the effect that any merchandise was sold or offered for sale from the rolling store at any point within the police jurisdiction of said city. In the absence of such evidence, we cannot agree that appellants are liable for a license based on the operation of a rolling store within the police jurisdiction of the city.

We therefore direct that the decree of the circuit court be modified so as to eliminate therefrom the sum of $55.50, which sum the trial court decreed appellants owed the city of Jasper for the privilege of operating a rolling store.

As so modified, the decree of the circuit court is affirmed. The costs of appeal are to be equally divided between appellants and appellee.

Modified and affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.