# Hochstadler *v.* The State.

### Indictment for Retailing Vinous, Spirituous or Malt Liquors without a License.

1. *Retailing liquors; where one license sufficient.*—Only one license is required of a person engaged in retailing vinous, spirituous and malt liquors, who occupies, and carries on his business in two adjoining rooms connected with each other by an open entrance or archway cut in the partition wall, in each of which is a bar, one of the rooms being used for white persons and the other for negroes, and both rooms constituting but one establishment, and being under one and the same management.

APPEAL from Jefferson Circuit Court.

Tried before Hon. WM. S. MUDD.

At the spring term, 1881, of said court, the defendant was indicted for engaging in the business of retailing vinous, spir-

ituous or malt liquors without a license; and, at a subsequent term, he was tried and convicted.

The evidence introduced on the trial disclosed the following facts: In the city of Birmingham there were two buildings, adjoining each other, and separated by a partition wall of brick, one called the Constantine, and the other, the Linn building. In January, 1881, the defendant, having obtained a license for retailing vinous, spirituous and malt liquors in said city, opened a saloon or bar in the Constantine building, the Linn building being, at that time, used for a similar purpose by one Gale. Both defendant and Gale continued in the business of retailing in said buildings until 1st May, 1881, when the defendant purchased from Gale his bar, etc., and soon after his purchase "caused an opening to be made in the partition wall between said two buildings about twelve feet wide, and constructed an archway through which persons could pass from the one building to the other at pleasure." He then "converted the bar in the Constantine building into a place for the accommodation of white persons, which was known as the white bar," and the bar in the Linn building was used for the accommodation of the colored people, and was known as the negro or colored bar. At each of these bars there was a bartender, but both were under the management, supervision and control of the defendant, and constituted, in fact, but one establishment. Liquors were sold at both bars at retail, the defendant claiming the right to do so under the license obtained by him in January, 1881. The court charged the jury that this license did not authorize the defendant to engage in retailing liquors in both buildings, at the white and negro bars, at one and the same time; and to this charge the defendant excepted.

R. H. PEARSON, for appellant. (No brief came to the hands of the reporter.)

H. C. TOMPKINS, Attorney-General, for the State, cited § 491, Code of 1876; *Walker v. State*, 16 Me. 241; *Prettyman v. State*, 3 Harrington, 570.

SOMERVILLE, J.—We are of opinion that the defendant required but *one* license to authorize him to carry on the business of retailing, in which he is shown to have been engaged. The two rooms used by him clearly constituted but one establishment. There was but *one business, under one management, and in one locality.* If this was true, we think it immaterial that drinking was carried on, or retailing permitted in two rooms or apartments, one for the use of whites, and the other for the use of negroes. These apartments were connected with

[Green v. The State.]

each other by an open entrance or archway, and were both under the immediate supervision and control of defendant. The arrangement may have been dictated by a just regard·for social decency. The fact that a brick wall intervened, instead of a mere *screen* being used as a partition, can scarcely be claimed to change the legal status of the business. We can see no difference between a case of this character, and the·more common one of a restaurant keeper having two separate apartments, respectively for males and females, which is clearly permissible under one business license, if there be *unity of management, ownership and locality.*

The charge of the circuit judge was erroneous, and the judgment is reversed and the cause remanded.