# Jebeles Brothers, *et al.* v. The State.

*Action to recover License Tax for selling Cigarettes.*

1. *License tax for selling cigarettes; scope thereof.*—The holder of a license, issued by the Auditor, authorizing him to transact business as a dealer in cigarettes at Anniston, and at no other place," issued under the Revenue Law of the State, (Acts of 1894-95, p. 1192, § 44), is not thereby authorized to engage in the selling of cigarettes at two separate and distinct places in the said city.

2. *License tax; interest should be allowed thereon.* — Taxes in this State bear interest from the time they become delinquent, and where there has been a failure to pay a license tax which is required by statute, interest begins to run from the date that such license tax is due; and in a judgment recovered by the State in a suit for such license tax, interest should be allowed thereon.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This is an action by the State, originally brought in a justice court, to recover $25, as a license for selling cigettes in the city of Anniston, and $2.50 penalty. The justice rendered judgment for the defendants, from which the State appealed to the city court of Anniston. Judgment was there rendered for the State, from which the defendants appeal.

The facts pertaining to the only question presented on the present appeal are sufficiently stated in the opinion.

[Jebeles Brothers, *et al.* v. The State.]

· · PELHAM & ACKER, for appellants.—This court has held, even a liquor license authorized the licensee to sell in two separate stores or rooms, when there was "unity of management, ownership and locality."—*Hochstadler v. State*, 73 Ala. 24. So, in this case there was unity of management, ownership and locality, and only one license could be required.—11 Amer. &. Eng. Encyc. of law, 388 and notes. .

WILLIAM C. FITTS, Attorney-General, for the State.

HARLSON, J.—No other question is presented for review, or insisted on by the appellants' counsel, except · the one presented in the agreed statement of facts, namely, whether the appellants, who took out a license to sell cigarettes in the city of Anniston, a place of more than 5000 inhabitants, could engage in the sale of cigarettes at two places of business in said city, situated on two different streets, but in the same block and about 100 or 135 yards apart. By the revenue law of the State, under which this license is exacted (Acts, 1894-5, p. 1192, § 44), it is provided, "That every person, firm or corporation shall pay a tax for selling cigarettes * * * in all cities having over 5000 inhabitants, twenty-five dollars per annum."

A license was duly issued to said firm by the Auditor on the 22d of May, 1897, upon the payment of the amount required by the State and county for such license, authorizing them "from and after date of the license to transact business as dealers in cigarettes at Anniston, and at no other place."

It seems very clear that under this license, the appellants could not carry on the business authorized in more than one place in the city. If so, the purpose of the statute, which was to raise revenue,—and, in so far as it · gives the better supervision over the dealers by police authorities,—might be, largely defeated. If they might sell in two places as claimed, they might sell in an indefinite number of places. In analogous cases of dealers in intoxicating liquors, licensed to sell in a given town, it has been held, that they cannot carry on the business at more than one place.—*State v. Walker,* 16 Me. 241; *State v. Gerhardt*, 3 Jones (N. C.) 178; 11 Am. & Eng. Ency. Law, 644-5.

[Howser v. The State.]

And in *Hochstadler v. The State*, 73 Ala. 24, it was held, that only one license is required of a person engaged in retailing spirituous liquors, who occupies and carries on his business in two adjacent rooms connected with each other by an open entrance or archway cut in the partition wall, in each of which is a bar, one of the rooms being used for white persons and the other for negroes, and both rooms constituting but one establishment, and being under one and the same management.

If the two rooms had not been thus connected, but had been separated at a distance, as in the case before us, it is plainly inferable, it would not have been held that one license would cover and protect the two.

It is suggested that the court allowed interest on the license tax in rendering its judgment. The agreed statement of facts does not so state. But in this, if true, there would have been no error. Taxes in this State bear interest from the time they become delinquent.

Affirmed.