# Johnson *v.* The State.

*Selling Spirituous, Vinous or Malt Liuors Without License.*

(Decided July 2, 1907.  44 South. 555.)

*Intoxicating Liqours; License to Sell; Scope.*—A license issued to a person to sell liquors in a certain saloon did not authorize the sale by him of such liquors in or at his house, half a mile away from such saloon.  Construing Acts 1903, p. 222, amending Sec. 4125, Code 1896.)

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Dan Johnson was convicted of selling spirituous liquors without a license and contrary to law. Affirmed.

The defendant was indicted for retailing spirituous, vinous, or malt liquors without license and contrary to law. The facts disclosed by the state's evidence was that Dan Johnson sold to the witness a pint of liquor for 25 cents and that the purchase was made about 6 o'clock in the morning at the residence of defendant in the city of Eufaula. It was admitted that the defendant had a license to sell liquor at a certain place in the same beat, same precinct, in which his house was situated, but a half mile from the place of the sale. Defendant offered

to introduce the license authorizing him to sell liquor at his barroom, a half mile removed from his home; but the court sustained an objection to the introduction of the same.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

ANDERSON, J.—Acts 1903, p. 222, which is amendatory of the Code of 1896, § 4125, among other things, provides that the license "shall not be transferable, nor shall it entitle the holder thereof to carry on any other business or do any other act than that named therein, nor at any other location than that therein specified." The defendant admitted that he was conducting a barroom a half mile from his house, the place where the state proved he sold the liquor, and the former was the place to which the license related, and it did not authorize him to sell liquor at his home, a half mile from his saloon.—*Jebeles v. State,* 117 Ala. 174, 23 South. 676. In the case of *Hochstadler v. State,* 73 Ala. 24, the defendant was conducting his business in two rooms connected by an archway, one room being used for whites and the other for negroes, and the court held that it was "but one business, under one management, and in one locality"; the test being "unity of management, ownership, and locality." In the case at bar there was no unity in locality, and the trial court did not err in excluding the license.

As the state proved the sale, the defendant was not entitled to the general charge requested by him, which was properly refused. The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.