## LEWIS *v.* MAYOR AND ALDERMEN OF SAVANNAH.

1. Under the pleadings and the evidence the court did not err in sustaining the demurrer, and in refusing an injunction.
2. The petition was filed for the purpose of having the City of Savannah enjoined from collecting a license or business tax, on the ground that the city was without authority to adopt the ordinance levying the tax, and because it was unreasonable, excessive, not ad valorem, etc. *Held*, that under its charter the City of Savannah has authority to levy the license or business tax here involved. Code of 1882, § 4847; Ordinance of City of Savannah, July 16, 1919. See Acts 1915, p. 826, sec. 3.
3. The Mayor and Aldermen of Savannah, under the charter, also has authority to make a reasonable classification of the general business of selling automobiles, selling or furnishing gasoline, or oil of any kind, etc., and to levy a tax on each of such classes. And where such a tax is levied, and one person conducts several of such businesses, he may be made liable to a tax on each, although one branch of the business may be conducted in a building, and the other on the sidewalk in front of the same building. *Ray* v. *Tallapoosa*, 142 *Ga.* 799 (83 S. E. 938), and cases cited. And see *Sawtell* v. *Atlanta*, 138 *Ga.* 687 (75 S. E. 982).

No. 2233. MAY 11, 1921. REHEARING DENIED JUNE 18, 1921.

Petition for injunction. Before· Judge Meldrim. Chatham superior court. July 28, 1920.

*Travis & Travis*, for plaintiff.

*Shelby Myrick* and *Edwin A. Cohen*, for defendant.

HILL, J. J. C. Lewis, doing business as the J. C. Lewis Motor Company, brought his petition for injunction against the Mayor

and Aldermen of the City of Savannah, alleging that the defendant, on July 16, 1919, adopted an ordinance to assess and levy taxes and raise revenue for the city, the material portion of which is as follows: "Every person, firm, or corporation selling or furnishing gasoline or kerosene or oil of any kind or character from a filling-tank or station, or having a filling-tank or station for any of said purposes, whether being used or not, situated in the City of Savannah, either upon the streets or sidewalks or lanes of said city or elsewhere, shall pay a license of $30.00 for each tank or filling apparatus; provided, however, that permission heretofore granted to use any portion of the streets or sidewalks or lanes of said city, or elsewhere, for the sale or furnishing or having of any one or more of the above commodities or articles shall be subject to revocation at any time by council, and the unearned portion of any license paid will be refunded in the discretion of council upon petition duly presented, in the event of such revocation." On October 3, 1919, the city marshal levied an execution issued in favor of the city on property belonging to petitioner, for the sum of $75 alleged to be due to the city by petitioner as specific taxes for the second half of the year 1919 under the tax and revenue ordinance. It was alleged that petitioner had paid to the city the specific taxes due by him for the entire year of 1919; that the city had issued to him a license which was paid for by him, authorizing him to conduct throughout the year 1919 in the city the business of selling automobiles, automobile accessories and automobile supplies, including gasoline. It was further alleged that gasoline is the most necessary and essential of all automobile supplies, and is universally so regarded, and is necessarily used and is usually sold by all persons dealing in automobiles. Under another ordinance of force throughout the year 1919 in said city, appearing in the municipal code, § 821, the keeping of gasoline, except in metallic filling-tanks, is prohibited, and such tanks were and are not permitted within any building in the City of Savannah by the terms of the ordinance which provided that such tanks must be at least three feet within the ground and eight feet from any building. In connection with the license the city permitted petitioner to place five filling-tanks, three being for gas and two for oil, for use in the operation of his business; the pumping devices connected with the five tanks projecting above the ground and constituting encroachments upon the

streets of the city. There was no condition attached by the city to its permission to establish encroachments. Under the charter of the city it has not the authority to permit an encroachment of this character and to require compensation therefor, the only power given the city in this particular being that conferred by an act of the legislature (Acts 1893, p. 307) whereby the city is authorized to charge a reasonable compensation for the use of its streets, lanes, public ways, and thoroughfares by telegraph and telephone, railroad and light companies. The ordinance of July 16, 1919, supra, does not impose a lawful and valid business or occupation tax, and is violative of the provisions of paragraph 1 of section 2 of article 7 of the constitution of Georgia, in that it is not ad valorem. It imposes a tax on each tank or filling-apparatus, without regard to whether the same is used in business or not, and without regard to the size of the tank or the number of pumping devices connected therewith or the volume of business done thereby. It is unreasonable and illegal in that it requires petitioner to pay a license tax for the use of filling-tanks for lubricating oil underneath the ground, and expressly by its terms exempts from the payment of the tax dealers who keep lubricating oils within their stores or premises. It is further unreasonable and illegal in that it requires petitioner and others who may sell kerosene oil from a filling-tank underneath the ground to pay a special tax, and does not require any tax from a grocer, or other person, who retails kerosene oil from an ordinary metallic tank. It is further void in that the amount of tax imposed upon petitioner is excessive and unreasonable. Petitioner was required to pay for the conduct of his business during the year 1919 $100. In addition thereto he was required by law to pay to the State and county a specific tax for the conduct of his automobile business the sum of $165, and as a further specific tax to conduct a repair business the sum of $25; and if the execution be enforced, petitioner would be required to pay for the year an additional tax of $150 upon the tanks. The invalid portions of the ordinance can not be severed from the valid (if there be any valid provisions) without defeating the object of the legislative body in its enactment, and by no lawful rules of construction can any valid and lawful provision be segregated from the ordinance so as to legally support the issuance of the execution against petitioner. The execution is proceeding illegally because, on September 12, 1919, the recorder

of the city in the police court, in the case of Mayor and Aldermen of the City of Savannah against petitioner, in which it was alleged that this defendant was due the plaintiff in fi. fa. the amount of the execution as a specific tax for the second half of the year 1919, and in which case the validity of the ordinance was an issue, and the case coming on to be heard before the recorder, which court under the law had jurisdiction to determine such issues, adjudged that petitioner was not indebted to the plaintiff in fi. fa. in any sum whatever, and that the ordinance of July 16, 1919, was void. A copy of the decision of the recorder is attached to the petition. Petitioner has no other remedy except the writ of injunction; and he prays that the municipal corporation and its officers and agents be enjoined from proceeding under the execution, and that the same be declared void.

The petition was demurred to both generally and specially, and also answered. The court, after hearing evidence in the case, sustained the general demurrer, and did not rule upon the grounds of special demurrer; and in the same order the rule nisi theretofore issued was discharged and the temporary injunction prayed for was refused. To this judgment the plaintiff excepted.

The plaintiff contends that the subject-matter of the present suit was adjudicated by the recorder of the City of Savannah. The 18th paragraph of the petition is as follows: " Said execution is proceeding illegally, because on the 12th day of September, 1919, in the police court of said city before his honor, John E. Schwarz, Recorder thereof, there came on to be heard the case of the Mayor and Aldermen of the City of Savannah vs. your petitioner, in which the said plaintiff in fi. fa. had caused to be docketed a charge against your petitioner, in which it was alleged that this defendant was due the said plaintiff in fi. fa. the amount of said execution as a specific tax for the second half year 1919, and in which case the validity of said ordinance was an issue; and said case coming on to be heard before the said court, which under the law had jurisdiction to determine said issues, the said court adjudged that your petitioner was not indebted to said plaintiff in fi. fa. in any sum whatever, and that said ordinance of July 16, 1919, was void; copy of the decision of said court being hereto attached, marked Exhibit A and made a part hereof." The petition was both demurred to and answered. The demurrer, except the special grounds of de-

murrer, which were not ruled on by the court, was as follows: ". 1st. That said petition fails to set out any equitable cause of action against this defendant. 2nd. Because the matters and things set out and alleged in said petition do not constitute any equitable or legal reason, or sufficient cause why the execution therein mentioned was issued illegally or is proceeding illegally; and each of said allegations as a matter of law is insufficient against the validity of said execution." The answer to paragraph 18 denies the allegations contained therein. The Civil Code (1910), § 4336, declares that "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." It will be observed that paragraph 18 of the petition, set out above, does not allege what kind of case was decided by the recorder, and it is merely recited that plaintiff in fi. fa. (City of Savannah) had caused to be docketed a " charge " against plaintiff in error. What the nature of the charge was, i. e., whether it was a criminal or civil proceeding, is not set out. The petition does not set out facts showing that the issues were the same in both cases. The demurrer raises the question of the sufficiency of the petition to show that the causes of action are identical, so as to bring the case within the rule that the first judgment was by a court of competent jurisdiction, that it was between the same parties, and that the same issues were involved in each case. If this branch of the case is to be decided on the pleadings and the evidence, it is sufficient to say that the answer to the petition is a mere general denial of paragraph 18 of the petition; and on the trial the plaintiff offered no evidence in support of that paragraph, other than what purports to be the judgment of the recorder of the City of Savannah, and this judgment is merely annexed to the petition as an exhibit, and declares the ordinance of July, 1919, to be unconstitutional. The exhibit is not certified by any official or shown to be the judgment of the recorder other than by being attached to the petition, as stated above. This being so, the court below did not err in holding in effect that the facts pleaded did not make a case of res adjudicata.

Headnotes two and three require no elaboration.

*Judgment affirmed. All the Justices concur.*