197 So. 87

## STATE v. WEBSTER.

6 Div. 641.

Court of Appeals of Alabama.

June 4, 1940.

Rehearing Denied June 25, 1940.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley, Silas C. Garrett, III, and J. Edw. Thornton, Asst. Attys. Gen., for appellant.

408

R. G. Redden and Cecil Strawbridge, both of Vernon, for appellee.

BRICKEN, Presiding Judge.

The appeal in this case is by the State of Alabama from the final judgment, in the court below, pronounced and entered in a case brought by the State against appellee, to recover a rolling store license, penalty, citation fee license and issuance fee thereon. The amount alleged to be due is $150; the penalty alleged to be due is $22.50; the citation fee alleged to be due is $1.50 and the amount of the issuance fee for the issuance of the license is 50¢, $174.50 in all, which sums together with the interest thereon are alleged to be due and unpaid. The case was tried before a jury in the court below upon the complaint and defendant's plea of the general issue in short and by consent.

The license, or privilege tax sued for was alleged to be due for the year beginning October 1, 1938, and ending September 30, 1939.

The testimony offered by the State upon the trial showed without dispute, contradiction or controversy, that on various occasions, during the year beginning October 1, 1938, and ending September 30, 1939, C. A. Webster, the defendant, went from person to person, or from house to house, or from place to place, and sold goods, wares, and merchandise from his motor vehicle, or truck, to his customers, or to the purchasers thereof, for their consumption, all in Lamar County, Alabama, and that during said time he had exercised the privilege of operating a rolling store, or of going about from person to person, or from house to house, or from place to place, in said county, with his motor vehicle or truck, loaded with goods, wares and merchandise, which he sold therefrom to various and sundry people, in said county, without first paying the license, or privilege tax of $150 fixed and required by Schedule 146, Section 348, of the General Revenue Act of Alabama, 1935, Gen.Acts of Alabama, 1935, pages 256, 441, as amended by Gen.Acts 1936–37, Sp.Sess., p. 277.

The testimony further showed that the defendant did not display the contents of his motor vehicle or truck or permit customers or purchasers to enter the motor vehicle or truck.

Schedule 146, Section 348, of the General Revenue Act of 1935, supra, fixes and requires the payment of a license or privilege tax in the sum of $150 from any person operating a rolling store by the use of one motor vehicle in each and every county of this State; $100 thereof being for the use of the State, and $50 being for the use of the county. The defendant exercised this privilege in Lamar County, without first, or at any time thereafter, obtaining a license for the exercise of this privilege. The testimony for the defendant does not show, or tend to show, directly or inferentially, that he was exempt from this license, or that he was not liable for the payment thereof. The defendant admitted that he had been served with a due and legal citation to appear and show cause why said license tax had not been paid by him, and that said citation had been filed in the office of the Judge of Probate of Lamar County, showing said service. This direct and positive testimony for the State, the plaintiff in said cause, proved beyond any question the averments of the complaint. The only evidence offered by the defendant was the following admission by the State: "It was admitted by plaintiff that the defendant, C. S. Webster (C. A. Webster) owns and operates a regularly licensed store at a fixed location in Lamar County and that all State and county licenses for the year 1938–1939 have been paid for the operation of such store at such location prior to the institution of this suit."

█ The operation of a store at a fixed location is one business. The operation of a rolling store is also a business and is entirely separate and distinct from the operation of a store at a fixed location. The payment of a license or privilege tax for the operation of a store at a fixed location by a person, firm or corporation, does not exempt such person, firm or corporation from the payment of a license tax for the privilege of operating a rolling store by the same person, firm or corporation.

█ The plaintiff, in writing, requested the trial court to give the general affirmative charge in favor of the plaintiff. The trial court refused to give said charge and endorsed the same "refused." This action

of the court was manifestly error. There was no dispute in the testimony offered by the plaintiff, which was entirely sufficient to prove the allegations of the complaint upon which this suit was rested.

The defendant requested the trial court, in writing, to give the general affirmative charge in his behalf, which charge the trial court gave, and in so doing erred to the material prejudice of the plaintiff. There was not a scintilla of evidence in the entire testimony that justified the trial court in giving the general affirmative charge to the jury in behalf of the defendant, as was done.

The judgment of the lower court from which this appeal was taken is reversed, vacated and held for naught, and a judgment here rendered in favor of plaintiff.

Reversed and rendered.