200 So. 104

**BROWN PLUMBING & HEATING CO., Inc.,
v. McDOWELL, License Inspector of
Jefferson County.**

6 Div. 741.

Supreme Court of Alabama.

Jan. 23, 1941.

Horace C. Wilkinson, of Birmingham, for appellant.

Thomas S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellee.

THOMAS, Justice.

This is an appeal to review a decree of the Circuit Court of Jefferson County, which is as follows:

"This case was submitted to the Court without a jury on the Agreed Statement of Facts, in writing and on file, and on con-

sideration of the same, the Court is of the opinion that the Brown Plumbing & Heating Company, Inc., a corporation, is a contractor within the purview of Schedule 42, Section 48 [348] of the Revenue Act of 1935, and that it is liable for and obliged to pay for the license required in said schedule.

"That in the event the said Brown Plumbing & Heating Company, Inc., a corporation, fails to obtain said license in accordance with said schedule 42 that defendant be ordered to arrest and prosecute said Brown Plumbing & Heating Company, Inc., a corporation, for engaging in business without first obtaining a license required by said schedule. · [General Acts 1935, pp. 256, 455.]" (Brackets supplied.)

The trial was had upon appropriate pleadings and, as stated in the above decree, on an agreed statement of facts. The result was a declaratory judgment on such controverted question of facts for the state, which was represented by its License Inspector for Jefferson County, Alabama.

■ Under our statutes and decisions, all concerns engaging in more than one business for which a privilege license is imposed shall pay the privilege license for each such business.

Sections 356 and 357 of the General Revenue Law of 1935, Acts 1935, p. 561, read as follows:

"Section 356. Where any person, firm or corporation is engaged in more than one business which is made by the provisions of law subject to taxation, such incorporated company or person shall pay the tax provided by law on each branch of the business.

"Section 357. Wherever in this Act two or more licenses on the same business or occupation are required, it is hereby declared to be the intention of the Legislature that all such licenses as are herein levied shall be collected without credit or offset, except where specific provision is made therefor."

See, also, Schedule 42 of Section 348 of the Revenue Law of 1935, General Acts of 1935, p. 455, and Schedule 110 of Section 348 of the Revenue Law of 1935, General Acts of 1935, p. 486.

Authorities supporting such construction of the revenue laws of Alabama are:

Harris Bros. v. State, 29 Ala.App. 538, 198 So. 437, 443; State v. Downs, 29 Ala.App. 442, 197 So. 379, 382; State v. Webster, 29 Ala.App. 407, 197 So. 87.

■ When the several provisions of our statutes are considered, it is the legislative intent that one engaged in business as a contractor within the terms of the privilege license schedule is not exempt from the payment of the privilege license therefor merely because such an one has obtained a plumber's license. The doing of the business of a *plumber* is distinguished from the doing of a business of a *contractor for plumbing*. This is shown by statutes. Schedule 110, Revenue Law of 1935, General Acts 1935, p. 486; Schedule 42, Revenue Law 1935, General Acts 1935, p. 455.

The decisions in this and other jurisdictions hold that an individual is or may be subject to two licenses for engaging in two different, well-classified businesses.

A recent expression of this court to the effect that a privilege tax is required to be paid for each business conducted is State v. Downs, 197 So. 382, 383, 384.[1] In that case the defendant had paid a privilege license tax for the operation of a lumber yard, and it was held that the defendant was also liable for the privilege license tax imposed on wholesale dealers in lumber. Speaking through Mr. Justice Bouldin, the Court said:

"One of the basic principles in the construction of privilege tax laws is that they shall be based on a reasonable classification, and apply to all within the class.

"As disclosed by our statutes, the legislature has imposed a privilege tax on several classes, each of which is within what may be broadly termed the lumber industry. * * * Hence the statute, Acts 1935, p. 561, Section 356, requires a license for each business conducted."

■ Many Alabama cases hold that an individual or corporation is subject to two licenses for engaging in two businesses, indicated by reasonable classifications. City of Mobile v. Craft & Co., 1891, 94 Ala. 156, 10 So. 534, wholesale and retail business of cigars; City of Mobile v. Richards & Sons, 1893, 98 Ala. 594, 12 So. 793, wholesale grocery, selling intoxicating liquors; Jebeles v. State, 1898, 117 Ala. 174, 23 So. 676, sale of cigarettes at two or more separate and distinct places; Browne v. Mobile, 122

1 Ante, p. 71.

Ala. 159, 25 So. 223, vehicle taxes of classes employed; Gambill v. Erdrich Bros. & Marx, 1905, 143 Ala. 506, 39 So. 297, for sale of intoxicating liquors and for sale of beer; and the rolling store cases of Harris Bros. v. State, 29 Ala.App. 538, 198 So. 437, 443 and State v. Webster, 29 Ala.App. 407, 197 So. 87.

The case of Shurman v. City of Atlanta, 148 Ga. 1, 95 S.E. 698, 704, the decision having been rendered in 1918, is pertinent to the question at bar. In that case the constitutionality of an ordinance imposing a privilege license tax on "dealers in junk" and another on "junk peddlers, gatherers, and buyers" was questioned. The court stated: "* * * Such ordinance is not open to the objection that it places a double tax on junk dealers who are also junk gatherers, buyers, etc., because there is one tax on 'dealers' and another tax on 'gatherers, buyers,' etc. The businesses have been reasonably classified, and the taxes are imposed on the different classes of business; and, if one person conducts two or more kinds of business so classified, he is liable to an occupation tax on each business conducted. Ray v. Tallapoosa, 142 Ga. 799, 83 S.E. 938 (2)."

For additional cases from other jurisdictions, holding an individual subject to two taxes for two businesses, see Ft. Smith v. Scruggs, 1902, 70 Ark. 549, 69 S.W. 679, 58 L.R.A. 921, 91 Am.St.Rep. 100, property tax and use tax on vehicles; San Luis Obispo County v. Greenberg, 1898, 120 Cal. 300, 52 P. 797, mercantile business and selling or giving away whiskey; Amos v. Gunn, 1922, 84 Fla. 285, 94 So. 615, gas tax—place of business and gallonage; Lewis v. City of Savannah, 1921, 151 Ga. 489, 107 S.E. 588, auto dealer and gasoline tanks; State v. Gouss, 1892, 85 Iowa 21, 51 N.W. 1147, doctor and itinerant vendor of drugs; Knoxville Cigar Co. v. Cooper, 1897, 99 Tenn. 472, 42 S.W. 687, mercantile business and cigar stand; Hill Co. v. Whitice, 1924, 149 Tenn. 168, 258 S.W. 407, retail merchant and rolling store; State Board of Examiners v. Standard Engr. Co., 1928, 157 Tenn. 157, 7 S.W.2d 47, plumber and engineer; Provo City v. Provo Meat & Packing Co., 1917, 49 Utah 528, 165 P. 477, Ann.Cas.1918D 530, merchant and meat dealer.

At the time the legislature passed the Revenue Law of 1935, General Acts 1935, p. 256, imposing (1) by Schedule 42 of Section 348 a privilege license tax on contractors and imposing (2) by schedule 110 a privilege license tax upon "each person doing business as a plumber," it was realized that there would be instances in which one person, firm or corporation would engage in more than one business upon which a privilege license tax was imposed. For example, the provisions in the revenue law for a license or privilege tax on a storekeeper, Acts 1935, Schedule 155.4, p. 506, who might in addition to operating a store sell shot-gun shells, Schedule 7, p. 443, Acts 1935; tobacco products, Schedule 32, p. 451; dice, Schedule 52, p. 459; directories, Schedule 53, p. 459; electric refrigerators, Schedule 56, p. 460 —all said sections and schedules as contained in Acts of 1935, p. 256 et seq. For the exercise of each of these privileges, the legislature has indicated that a license should be obtained. To make this intention clear, Sections 356 and 357, General Acts of 1935, p. 561, hereinbefore set out, were included in the Revenue Law of 1935.

■■ The argument that a double taxation is the result, when a license tax is imposed on the original contractor as well as on the subcontractor, cannot be sustained. The *privilege* of doing the business on which the *tax is imposed* is the *acceptance of contracts by individuals or corporations*. The original contractor accepts a contract with an owner, and this was the exercise of his or its privilege. The subcontractor accepts a contract with the original contractor, and that was the exercise of a different privilege by a different person, firm or corporation. The statute contains a reasonable classification for taxing purposes. Otherwise stated, it is not a tax imposed on the project, but a tax imposed for the privilege of accepting and executing the contract. Hence two privilege licenses can be required for the exercise of these two privileges in question. Harris Bros. v. State, 29 Ala.App. 538, 198 So. 437, 438, 443; State v. Webster, 29 Ala.App. 407, 197 So. 87.

General authorities support the proposition that all persons engaging in more than one business for which a *privilege license is imposed shall pay the privilege license for each business in which he or it engages.* Closely analogous to the instant case is that of Warburton-Beacham Supply Co. v. City of Jackson, 1928, 151 Miss. 503, 118 So. 606, 607. The plaintiff was a *corporation engaged in the plumbing business,* maintaining a warehouse and sales room where its plumbing supplies were displayed and sold to the general public, such sales accounting for about twenty per cent. of the corporation's business. It was customary for

plumbing concerns to maintain sales rooms and to sell plumbing fixtures to the general public, irrespective of whether the concerns themselves installed the fixtures so sold. The Mississippi statutes imposed a privilege license tax on (1) persons or concerns engaging in a plumbing business and also (2) a privilege license tax on stores. The plaintiff paid the former tax and paid the latter tax under protest. The suit was to recover the privilege license tax paid on the store. The Mississippi statute was similar to ours. It provided: "Any person, firm or corporation pursuing more than one of the businesses herein taxed shall pay the privilege tax on each separate business so conducted or pursued, * * *." Laws Miss. 1926, c. 118.

The plaintiff contended that the plumbing business included the selling of plumbing materials to the public generally. The Court overruled the plaintiff's contention and held it to be liable for the tax.

The pertinent provisions of Schedule 110, Acts 1935, p. 486, are as follows: "Each person *doing business as a plumber,* * * * in towns or cities of fifty thousand inhabitants, or over, twenty-five dollars ($25.00); * * *." (Italics supplied.) and of Schedule 42, Acts 1935, p. 455, for consideration here, are: "Any * * * corporation accepting orders or contracts for doing any work on * * * any building * * * requiring the use of paint, * * * brick, * * * wood, cement, structural iron or steel, * * * metallic piping, * * * or any other building material, * * * or who shall accept an order for or contract to *excavate earth,* rock or other material for foundations or *any other purpose, or who shall accept an order or contract to construct any sewer* of * * * or *other material,* * * * shall be deemed a contractor. *Every contractor shall procure* from the probate judge of the county in which he has his principal office a *license to carry on the business of a contractor,* * * *." (Italics supplied.)

The evidence shows that appellant paid the plumber's license required by Schedule 110 of Section 348 of the Revenue Law of 1935, Gen.Acts 1935, p. 486. It is not denied that appellant *executed a contract* calling for the use of the building materials set out in Schedule 42, supra. Hence the question, in this case, is whether one liable for the license as a contractor *under Schedule 42,* supra, is exempt

therefrom by reason of having paid a plumber's license, under Schedule 110, supra. It is submitted by the state's counsel that the answer to the question is that appellant is also liable for the privilege license imposed by Schedule 42, supra. Such is the effect of the well-considered decisions, as we have indicated.

We may say further, however, that the cases dealing with the distinction between "engaging in business as a plumber" and "engaging in the plumbing business" as a contractor are not numerous. All the cases found by diligent counsel for the state explicitly, or by implication, recognize that a person engaging in business as a plumber is the person doing the manual work of connecting pipes, fixtures, etc., while a person engaging in the plumbing business is one who procures contracts for the doing of the plumbing, and then executes the work by his employees or agents, and not infrequently furnishes the materials or parts thereof.

It is the appellee's well-reasoned contention that the appellant is *engaged in the plumbing business, as a contractor,* upon which the privilege license tax is imposed by Schedule 42 of Section 348 of the Revenue Law of 1935, Gen.Acts 1935, p. 455. Such was the decree of the trial court.

It is not necessary to consider the general authorities. However, in Wilby v. State, 1908, 93 Miss. 767, 47 So. 465, 23 L.R.A.,N.S., 677, the Mississippi court held that Section 3854 of the Mississippi Code of 1906, imposing a privilege tax on one *"doing a plumbing business,"* applied to a person, firm, or corporation *taking contracts and completing them by employing other plumbers to do the work,* and did not apply to an individual plumber working by the day or taking contracts for himself alone. Such a person is merely *engaging in the business of a plumber.* The court said: "We have no difficulty in reaching the conclusion, from the facts presented here, that section 3854 of the Code of 1906, has no application to this case. It applies only to an individual, firm, or corporation making contracts and completing them by the employment of other plumbers to do the work. It has no application to any individual plumber working by the day or taking contracts for himself alone. A plumber cannot be said to be 'doing a plumbing business,' within the meaning of the act, when he merely works at his trade himself and is not engaged in making

plumbing contracts to be farmed out to others or completed by the employment of other plumbers. * * * "

Cases touching the doing of a plumbing business and the engaging in the business of a plumber are State v. Gardner, 1898, 58 Ohio St. 599, 51 N.E. 136, 41 L.R.A. 689, 65 Am.St.Rep. 785; Commonwealth v. Leswing, 1939, 135 Pa.Super. 485, 5 A.2d 809.

In the case of Warburton-Beacham Supply Co. v. City of Jackson, 151 Miss. 503, 118 So. 606, 608, it is declared: "According to Webster's International Dictionary, a plumber is 'a tradesman who furnishes, fits, and repairs gas, water, and soil pipes, cisterns, tanks, baths, water closets, and their fittings, and other sanitary and fire protection apparatus for a house or other building, including junctions in mains and sewers.' * * * 'a mechanic or artificer, esp. one whose livelihood depends upon manual labor,' is a tradesman; plumbing is 'a plumber's occupation or trade,' and the word 'business' includes 'any particular occupation or employment habitually engaged in, esp. for livelihood or gain.' * * * One engaged in the plumbing business, then, in the contemplation of the statute, is one who executes plumbing contracts in whole or in part by the labor of others, * * *."

In State v. Mitchell, 1940, 217 N.C. 244, 7 S.E.2d 567, 569, a plumbing contractor is defined:

"The meaning of the term 'contractor' is not defined by the Act and, accordingly, we must give to it the normal and ordinary meaning assigned to the word. Although the term 'contractor', in a strict sense, may be applied to anyone entering upon a contract, it is commonly reserved to designate one who for a fixed price undertakes to procure the performance of work on a large scale, or the furnishing of goods in large quantities for the public or a company, or individual. * * *

"As the performance of work 'on a large scale' is one of the essential elements of the meaning of the word 'contracts', a definition of the term tends to show that the act was intended to apply to persons who for a fixed price undertake to provide plumbing and heating systems for entire buildings."

It follows from the well-considered decisions touching the question that the judgment of the circuit court is free from error and the same should be and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and KNIGHT, JJ., concur.

