8 So.2d 516

### PATE v. STATE.

### 6 Div. 925.

Supreme Court of Alabama.

June 5, 1942.

Kingman C. Shelburne and Bradley Baldwin, All & White, all of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellee.

LIVINGSTON, Justice.

This is an appeal from a judgment in favor of the plaintiff, the State of Alabama, against Joseph W. Pate, doing business under the name and style of the Pate Company. The cause was submitted to the court below, without a jury, on an agreed statement of facts.

The cause of action asserted by the State is an action of debt for license fees due by appellant for the years 1936–1937 and 1939–1940, under and by virtue of schedule 42, section 348 of the Revenue Act of 1935, Code 1940, Tit. 51, § 496. The pertinent portion of the agreed statement of facts is as follows:

"3. Defendant is engaged in the plumbing and heating business with his principal place of business in Birmingham, Jefferson County, and was so engaged during the period commencing October 1, 1936, to September 30, 1937, and during the period from October 1, 1939, to September 30, 1940. During said periods of time the defendant had procured and paid a privilege license for engaging in business as a plumber as provided by schedule 110, section 348, of the Revenue Laws of Alabama of 1935. Defendant is not a journeyman plumber within the meaning of that certain act referred to as General Acts of Alabama, 1935, page 996, et seq., but is a master plumber within the meaning of said act, having complied with all requirements of the Plumber's Examination and Registration of Alabama, and has paid since 1935 all fees, licenses and costs required by law to be paid or required by said board to be paid by him for license as a master plumber under the provisions of said acts.

"4. Algernon Blair of Montgomery, Alabama, is a contractor and builder and executed a contract with the Housing Authority of the Birmingham District for the construction of the Smithfield Housing Project, during the period between October 1, 1936 and September 30, 1937 and has paid to the State of Alabama the maximum amount required by schedule 42 of section 348 of the revenue laws of Alabama of 1935, for doing business as a contractor for said period in the State of Alabama. Said Algernon Blair accepted orders or contracts for doing work in the State of Alabama for amounts in excess of $200,000.00, exclusive of the amount of the contract

for the Smithfield Housing Project as aforesaid during said period.

"5. On October 20, 1936, defendant, Joseph W. Pate, executed a contract with said Algernon Blair to install the plumbing fixtures in the said Smithfield Housing Project. The contract price of said contract of defendant with Algernon Blair was in the sum of $217,000.00. Said contract executed by defendant with Algernon Blair required defendant to install within the building on said project all plumbing fixtures and connections thereto. Said contract did not cover and did not require defendant to install the sewerage system, water system and gas system, known as the utilities, five feet outside of each building. Said contract required the doing of work on or in the buildings on structures comprising said Smithfield Project and said contract called for the use of and there was used in the performance of said contract cast iron soil pipe, copper hot and cold water pipe, steel gas piping, and sheet lead for the flashing of the vent pipes at the termination of the roof, and oakum and lead was used for the construction of the joints of the soil pipe. In addition thereto said contract called for and in the performance of said contract the defendant excavated earth or other materials to a depth of eighteen inches to two feet for the construction of sewer and water pipes under the buildings. In addition thereto said contract called for and in performance thereof defendant constructed the sewers of soil pipe from a point five feet from the foundation of said buildings into said buildings.

"6. On October 15, 1939, Daniels Construction Company, a corporation, a contractor and builder, executed a contract with Jefferson County, Alabama, for the construction of Jefferson Hospital in Birmingham, Alabama, during the period between October 1, 1939 and September 30, 1940, and has paid to the State of Alabama the maximum amount required by schedule 42 of section 348 of the revenue laws of Alabama for 1935, for doing business as a contractor for said period in the State of Alabama. Said Daniels Construction Company accepted orders or contracts for doing work in the State of Alabama for amounts in excess of $200,000.00 exclusive of the amount of the contract for the Jefferson Hospital as aforesaid during said period. On October 15, 1939 said Daniels Construction Company subcon-

tracted to the defendant the plumbing work in said hospital, said defendant agreeing in said contract to furnish all necessary labor, material and equipment required to install complete in said building the plumbing, heating, ventilation, air conditioning and refrigeration therein. Said contract accepted by defendant called for and in the performance thereof there was done work on or in said Jefferson Hospital requiring the use of galvanized iron, metallic piping and lead. Said contract called for and in the performance thereof there was excavated earth or other materials for the purpose of connecting the sewers from a point approximately five feet from the foundation of said building to within said building. Said contract called for and in the performance thereof there was constructed a sewer of soil pipe, and was connected the water pipe, both from a point approximately five feet from the foundation of said building to within said building."

Attached to and made a part of the foregoing stipulation of facts is a copy of the rules and regulations of the Board of Plumbers Examination and Registration of Alabama that were in force and effect during the periods of time referred to in the complaint.

We are unable to find any distinction whatever, in principle, between the statement of facts in the instant case and that in the case of Brown Plumbing & Heating Co. v. McDowell, 240 Ala. 485, 200 So. 104.

Appellant in brief argues that the opinion in the Brown Plumbing & Heating Co. case, supra, does not mention or touch on the Act of the Legislature of Alabama (General Acts 1935, pages 995–1002, Code 1940, Tit. 62, § 116–128), creating the Board of Plumbers Examination and Registration of Alabama. That it does not mention section 358(a) of the Revenue Act of Alabama of 1935, appearing on page 561 of said Acts supra, Code 1940, Tit. 51, § 840, wherein it is enacted that "every license shall be held to confer a personal privilege to transact the business, employment or profession which may be the subject of the license. * * *" That it does not mention nor discuss the Act of the Legislature of Alabama of 1935 creating a State Licensing Board for General Contractors. General Acts of 1935, pages 721 et seq., Code 1940, Tit. 46, §§ 65–82. But we think they were necessarily considered.

The answer is found in the case of State v. Downs, 240 Ala. 74, 197 So. 382–384, quoted in the Brown Plumbing & Heating Co. case, supra [240 Ala. 485, 200 So. 106], as follows:

"One of the basic principles in the construction of privilege tax laws is that they shall be based on a reasonable classification, and apply to all within the class.

"As disclosed by our statutes, the legislature has imposed a privilege tax on several classes, each of which is within what may be broadly termed the lumber industry. * * *

"Hence the statute, Acts 1935, p. 561, Section 356 [Code 1940, Tit. 51, § 838], requires a license for each business conducted."

Clearly, the agreed facts bring appellant within schedule 42, section 348 of the Revenue Act of 1935, and on the authority of Brown Plumbing & Heating Co. v. McDowell, supra, the judgment of the lower court is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.